**STATE of Missouri,**
**Respondent/Respondent,**

v.

**Benjamin BUTLER,**
**Defendant/Appellant.**

No. 58845.

Missouri Court of Appeals,
Eastern District,
Division One.

May 21, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1991.

Application to Transfer Denied
July 23, 1991.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

KAROHL, Judge.

Benjamin Butler appeals after conviction and sentence as a persistent offender for sale of crack cocaine. § 195.211 RSMo Cum.Supp.1990. The unusual feature of this case is defendant testified and admitted he performed every act constituting the charged crime. He was convicted on undisputed facts proven by the state's evidence and confirmed by his testimony. We, therefore, need not detail the evidence to decide Butler's contention that he is entitled to a new trial because of a matter of plain error. He argues the court "committed plain error in failing to declare [sua sponte] a mistrial when the prosecutor repeatedly referred to [Butler's] post-arrest silence while cross-examining him." We find no error, plain or otherwise.

First, Butler's theory of defense was an explanation for his actions but not a justification amounting to a legal defense. In his brief Butler alludes to the explanation he: "explained that his interest and desire to help close drug houses in Laclede Town resulted from a health problem which left him with little to lose should the raid [on a crack house] become violent." He claimed he knew the house and recognized the un-

dercover detective. A third party learned the detective was a willing buyer and directed him to Butler. The detective furnished Butler fifteen dollars which he used to purchase crack cocaine at the house for delivery to the detective. However, Butler did not communicate either his knowledge of these facts or his plan or purpose to the detective or any other law enforcement person before the fact. He acted on his own with the intent to commit the crime. The detective and his fellow Street Corner Apprehension Team (SCAT) members had no way to know, and did not know, anything about Butler's after the fact explanation. Butler was not acting for or with the police. Hence, he had no immunity based on cooperation with the police. His private purpose, even if true, was irrelevant to the issues.

Second, Butler's reliance on cases which condemn the use of post-arrest silence to impeach a testifying defendant on Fifth and Fourteenth Amendment and Art. I, § 19 of Missouri Constitution grounds is misplaced. None of these cases apply the constitutional protections where defendant's guilt is admitted in his own direct testimony. In such cases any "false proof" of guilt inferred from post-arrest silence is not prejudicial. Any reference to post-arrest silence was insignificant to a finding of admitted guilt and insignificant to the truth of Butler's trial testimony.

In *State v. Mathenia,* 702 S.W.2d 840, 842 (Mo. banc 1986), *cert. denied,* 477 U.S. 909, 106 S.Ct. 3286, 91 L.Ed.2d 574 (1986) the court affirmed the rule that the state may not use post-arrest silence either as affirmative proof of defendant's guilt or to impeach his testimony. However, it held an impermissible comment, preliminary to the admission into evidence of defendant's video taped statement, was harmless error. *Id.* The decision in *Mathenia* supports our conclusion that where defendant testifies and admits all criminal acts an incidental reference is not necessarily reversible error even if preserved. Clearly, it is not plain error involving manifest injustice.

Third, the cross-examination referred to by Butler did not clearly refer only to post-arrest silence regarding his subsequently disclosed motive to employ criminal activi-

ties to aid the police. The prosecutor asked Butler if he "ever" told the police his theory. Butler replied he told the police at the police station. The prosecutor asked Butler: "I want to know if you ever told Detective Brauer or Detective Erhard this story you're now telling us." Butler answered "No." Prosecutor later asked: "Have you told Detective Brunson [the undercover officer] that you were just trying to bust that dope house?" Butler answered "No." The prosecutor then asked: "Have you ever told Detective Brunson that?" Again Butler answered "No." These questions were neutral on the issue of any charge that the state attempted to use post-arrest silence either to prove guilt or to impeach Butler's testimony. They invited answers about pre-arrest and post-arrest statements. The questions were relevant to Butler's explanation given on direct examination. Given the facts, the cross-examination cannot be said to affect substantial trial rights amounting to a manifest injustice. Point denied. *State v. Driscoll,* 711 S.W.2d 512, 515 (Mo. banc 1986), *cert. denied,* 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986).

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.