Benjamin BUTLER, Movant/Appellant,

v.

STATE of Missouri,
Defendant/Respondent.

No. 60250.

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1992.

John Klosterman, St. Louis, for movant/appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for defendant/respondent.

CRANE, Judge.

Movant Benjamin Butler appeals from the order of the Circuit Court of the City of St. Louis denying his Rule 29.15 motion for post-conviction relief. Movant filed his transcript on direct appeal on November 16, 1990 but did not file his *pro se* motion until December 18, 1990, thus failing to meet the thirty day deadline mandated by Rule 29.15(b). We vacate the judgment of the motion court and remand with directions to dismiss the motion as untimely filed.

Movant was convicted by a jury of an illegal sale of crack cocaine. The trial court found him to be a prior and persistent offender and sentenced him to a term of twenty years. He filed his notice of appeal on August 6, 1990 and the transcript on appeal on November 16, 1990. We affirmed his conviction on direct appeal. *State v. Butler*, 810 S.W.2d 668 (Mo. App.1991).

Movant filed a *pro se* motion for relief under Rule 29.15 on December 18, 1990 which alleged ineffective assistance of counsel. Appointed counsel filed an amended Rule 29.15 motion on February 13, 1991. This motion was denied without an evidentiary hearing on March 6, 1991. Upon movant's motion to set aside judgment under Rule 75.01, the motion court set aside its previous order and issued its Amended Opinion and Order on April 22, 1991. Movant appeals from this order. He contends that the motion court erred in denying his motion without an evidentiary hearing because his appointed counsel failed to call a witness to corroborate his defense. It is unnecessary to resolve this issue because movant's original *pro se* motion was not timely filed and must be dismissed.

Rule 29.15 provides the exclusive procedure by which a person claiming that a conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States may seek relief in the sentencing court. *Smith v. State*, 798 S.W.2d 152, 153 (Mo. banc 1990). Rule 29.15(b) provides in relevant part:

A person seeking relief pursuant to this Rule 29.15 shall file a motion to vacate, set aside or correct the judgment or sentence substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the

filing of the transcript in the appeal pursuant to Rule 30.04.

\*    \*    \*    \*    \*    \* ·

Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15.

The transcript was filed on November 16, 1990. Movant's *pro se* motion was not filed until December 18, 1990, and thus was not filed within thirty days of the filing of the transcript. The time limitations contained in Rule 29.15 are valid and mandatory. *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), *cert. denied sub nom. Walker v. State,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). By failing to meet the scheduled deadline, movant waived his right to proceed under Rule 29.15. *Id.* at 696. It is of no consequence that neither the state nor the motion court requested or granted dismissal in the motion court on the grounds of untimeliness. *See, Suman v. State,* 783 S.W.2d 525 (Mo.App.1990).

The judgment is vacated and remanded for dismissal.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.