STATE of Missouri, Respondent,

v.

Tom BRADSHAW, Appellant.

Thomas BRADSHAW, Appellant,

v.

STATE of Missouri, Appellant.

Nos. WD 46681, WD 48278.

Missouri Court of Appeals,
Western District.

Dec. 28, 1993.

Raymond L. Legg, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and
LOWENSTEIN and FENNER, JJ.

PER CURIAM.

After a jury trial, Thomas Bradshaw (Bradshaw) stood convicted of two counts of promoting prostitution in the third degree, § 567.070, RSMo 1986. He was sentenced as a prior offender to two five-year prison terms

to be served consecutively to each other and to a previously-imposed sentence. Bradshaw sought post-conviction relief under Rule 29.-15; he was afforded an evidentiary hearing, but was denied relief. This appeal consolidates Bradshaw's direct and post-conviction appeals.

### Direct Appeal From Criminal Convictions

Bradshaw's convictions arose from his operation of a costume and novelty shop called "You're Kidding." The business also offered singing and dancing telegrams.

In the spring of 1991, Bradshaw began showing nude photographs to a patron who frequented the shop. As they developed a rapport, Bradshaw allowed the patron to watch exotic dances performed by women in a back room. In October and November of 1991, Bradshaw negotiated with the patron for the purchase of dances with individual women. During the negotiations, Bradshaw insinuated that sexual activity was available at additional cost. Bradshaw accepted money for the dances, and set up the appointments between the patron and the women. During the dances, Bradshaw observed from behind a two-way mirror, and informed the dancers when the time for the purchased dances had expired. The patron paid Bradshaw for six dances; three of those dances involved sexual activity; one dance ended in sexual intercourse.

In November of 1991, a journalism student, who was investigating a story, approached Bradshaw at his shop about providing entertainment for a fictional bachelor's party. After negotiations, Bradshaw agreed to provide a nude dancer for $300 an hour who would engage in manual sex and in sexual intercourse for additional $100 payments. The student gave Bradshaw a $200 down payment and the address of the "party."

 Bradshaw contends that the trial court plainly erred in sustaining the state's objection to his cross-examination of the patron. The patron testified to previous criminal convictions involving solicitation. He made "a deal with the State so that [he]

would not be prosecuted for any of this stuff." His complaint concerns the following:

Q. [Defense counsel] You are on probation?

A. [The patron] Yes, I am.

Q. And a condition of your probation that you're aware of is that you are not to commit other offenses; is that correct?

MS. GARLAND [Assistant prosecutor]: Objection, Your Honor.

THE COURT: The objection will be sustained. Let's proceed, please[ ].

Bradshaw failed to preserve his complaint for appellate review. He made no offer of proof to show the materiality and relevancy of the excluded testimony. *State v. Hurtt,* 836 S.W.2d 56, 58–59 (Mo.App.1992). Yet, according to Bradshaw, the trial court's ruling denied him an adequate opportunity to cross-examine the patron, thereby violating his constitutional rights to confrontation, a fair trial, and due process. Bradshaw insists that the patron's answer would have demonstrated the patron's expectancy of favorable treatment for furthering the state's case. Bradshaw also maintains that the excluded testimony would have exposed the reason for the patron's bias, and would have discredited the patron's testimony. Contrary to his assertions, Bradshaw makes no showing approaching plain error. In plain error review, the appellant bears the burden of demonstrating that the trial court's action was not only erroneous, but that the error so substantially impacted upon his rights so as to result in manifest injustice or a miscarriage of justice. *State v. Shaline,* 793 S.W.2d 167, 170 (Mo. App.1990). The record reveals that Bradshaw was afforded ample opportunity to confront the patron on cross-examination. The defense established that the patron was on probation and had prior criminal convictions, including a conviction for soliciting prostitution, and that the patron had made a deal with the state to avoid prosecution. Bradshaw's point is denied.

### Rule 29.15 Appeal

 Bradshaw's untimely filing of his pro se Rule 29.15 motion went unnoticed in the motion court. The issue of timeliness must be addressed on appeal even when not

considered in the motion court. *See Butler v. State,* 841 S.W.2d 192, 193 (Mo.App.1992). The explicit terms of Rule 29.15(b) require a prisoner who directly appeals his criminal conviction to file his post-conviction motion within thirty days after filing his transcript in the criminal appeal. *Smith v. State,* 798 S.W.2d 152, 153 (Mo. banc 1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991). The deadline is mandatory. *Id.* Failure to meet that deadline constitutes a complete waiver of any right to proceed under Rule 29.15. *Butler,* 841 S.W.2d at 193. Here, Bradshaw filed his transcript in this court on December 1, 1992, and filed his Rule 29.15 motion in the motion court on January 5, 1993, five days out of time. By his untimely filing, Bradshaw waived any right to pursue relief under Rule 29.15. The motion court improvidently entertained the merits of Bradshaw's post-conviction claims. Proper procedure requires vacating the motion court's ruling, and remanding the case for dismissal. *Jones v. State,* 1993 WL 402906, No. WD 47039, slip op. at 4 (Mo.App., W.D., Oct. 12, 1993).

The judgment of conviction is affirmed; the judgment on Rule 29.15 ruling is vacated, and the case is remanded for dismissal.