STATE of Missouri, Plaintiff–
Respondent,

v.

Larry MARSH, Defendant–Appellant.

Larry MARSH, Movant–Appellant,

v.

STATE of Missouri, Plaintiff–
Respondent.

Nos. 18442, 19094.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 27, 1994.

Talat Bashir, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joanne E. Beal, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Judge.

A jury found defendant Larry Marsh guilty of distributing a controlled substance

(methamphetamine), § 195.211,[1] (L.1989, S.B. Nos. 215 and 58, § A), and he was sentenced to 15 years' imprisonment. Defendant appeals, and that appeal is Case No. 18442.

After the jury trial, defendant filed a motion under Rule 29.15, seeking relief from the conviction. The motion was denied after an evidentiary hearing. Defendant appeals from that denial, and that appeal is Case No. 19094. The appeals have been consolidated and will be dealt with separately in this opinion.

## Case No. 18442

◼ Defendant's first point is that the evidence is insufficient to support the verdict, and the trial court erred in ruling otherwise, in that there was no evidence "that defendant acted with another to illegally distribute a controlled substance, methamphetamine."

◼ In reviewing defendant's challenge to the sufficiency of the evidence, this court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence, and disregards all evidence and inferences to the contrary. *State v. Grim*, 854 S.W.2d 403, 405[1] (Mo. banc 1993). Appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. *Id.*

Defendant and his wife Betty Marsh were jointly charged, in an indictment, with distributing methamphetamine, a controlled substance, in violation of § 195.211. Betty Marsh entered a plea of guilty, and the case proceeded to trial against defendant. The indictment charged that on February 25, 1991, in Greene County, the defendants, Betty Marsh and Larry Marsh, "distributed methamphetamine, a controlled substance, to Officer Dan Schrader of the Springfield, Missouri Police Department, knowing or consciously disregarding a substantial and unjustifiable risk that the substance was methamphetamine, a controlled substance."

With exceptions not applicable here, § 195.211.1 provides: "[I]t is unlawful for any person to distribute ... a controlled substance." As used in § 195.211, "distribute" means "to deliver other than by administering or dispensing a controlled substance." § 195.010(14). As used in § 195.211, "deliver" means, as applicable here, "the actual ... transfer from one person to another ... of a controlled substance ... whether or not there is an agency relationship, and includes a sale." § 195.010(10).

The state's principal witness was Officer Dan Schrader of the Springfield Police Department. On February 25, 1991, Schrader was working as an undercover officer with Mike Hamilton, an informant. At 9:30 p.m. on that date, Schrader and Hamilton went to defendant's residence in Springfield. Schrader had met defendant on three prior occasions. The record supports the inference that defendant anticipated the arrival of Hamilton and Schrader because it had been prearranged. Schrader was wearing, surreptitiously, a microcassette recorder, which was turned on.

As Schrader and Hamilton arrived at defendant's house, defendant was walking out the front door. Defendant told the two men that he was "going down the street to pick up the substance."

Betty Marsh, defendant's wife, invited Schrader and Hamilton into the house, where they remained about 30 minutes, at which time defendant reappeared. During the 30-minute wait, Betty Marsh "ingested a marijuana cigarette" and talked extensively about "her and defendant's drug trafficking and involvements, as far as different forms of drugs—such as cocaine, barbiturates and marijuana."

When defendant returned, according to Schrader, defendant "walked up to where the bathroom was and motioned for his wife to come to him. She did so, and he handed her something. At that point, she motioned for me and Hamilton to accompany her into the bathroom. When Hamilton, Betty Marsh and I went into the bathroom, Betty locked the door and placed the methamphetamine on the vanity top. The first time I saw it, it

---

1. Except where otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

was in her hand. She had not left my sight between the time I saw her speak with defendant and they had their contact until the time we went into the bathroom and closed the door. After she laid it on the vanity, there was a discussion about a dollar figure, $325. I handed $325 to Betty Marsh and I took the methamphetamine and secured it on my person. Exhibit 1 is the container containing the methamphetamine I purchased from Mrs. Marsh. The container has a heat sealed corner baggie."

On cross-examination, Schrader testified: "After defendant came back, defendant said that was all he could get that evening.... I could tell defendant was handing Betty something because he reached out with his hand. He was concealing something, and she reached out and took it and immediately after that is when she called for us. It appeared as if defendant handed her a substance." On redirect examination, Schrader testified, without objection, that state's Exhibit 1 could have been the item concealed in defendant's hand and passed to his wife.

State's witness, Dwight Beebe, a chemist, identified the contents of Exhibit 1 as methamphetamine.

This court holds that the foregoing evidence was sufficient to support the verdict. Defendant's first point has no merit.

With exceptions not applicable here, Rule 29.11(d) provides that in jury tried cases allegations of error to be preserved for appellate review must be included in a motion for new trial. Defendant requests this court to review his remaining points for plain error under Rule 30.20 which, in pertinent part, reads: "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

■ Defendant's second point is that the trial court committed plain error in receiving into evidence state's Exhibit 2, a tape recording, and permitting it to be played before the jury, because the tape contained (a) evidence of defendant's unrelated crimes and misconduct which did not bear any or sufficient relevance to the case and prejudiced defen-

dant; and (b) Betty Marsh's inadmissible hearsay statements.

The tape was produced by the microcassette recorder which Officer Schrader had on his person. Schrader testified that the sound quality of the tape was very low because "they have to be very small and concealed." He said the recorder was in proper working order and that he had listened to Exhibit 2. He testified that Exhibit 2 was a fair and accurate recording of the conversation which took place at the residence, although some of the tape was inaudible. He identified state's Exhibit 2-A as a transcript of the tape which he had compared with the tape itself, line by line.

The court received Exhibit 2 into evidence and told the jury that they could listen to Exhibit 2 and, because it was difficult to understand, the court was going to permit a transcript, Exhibit 2-A, to be handed out to each juror. The court emphasized that the tape was in evidence and not the transcript, and that the transcript was simply for their guidance in listening to what was in evidence, "and that's the tape." Exhibit 2-A was handed to each juror, and Exhibit 2 was played to the jury.

This court, in its discretion, has reviewed the contents of Exhibit 2 by examining Exhibit 2-A. No plain error appears. Defendant's second point has no merit.

Defendant's third point is that the trial court committed plain error in submitting Instruction 5, the state's verdict-director. This court's examination of the instruction, in light of defendant's criticism, discloses no plain error. Defendant's third point has no merit.

■ Defendant's fourth point is that the trial court committed plain error in permitting the prosecutor to make certain remarks during the state's closing argument. On plain error review, "improper argument will justify reversal only if its effect is decisive on the jury's determination; and the defendant is saddled with the burden of demonstrating such effect." *State v. Wren,* 643 S.W.2d 800, 802[3] (Mo.1983). This court has examined the challenged portion of the state's closing

argument and finds no plain error. Defendant's fourth point has no merit.

Defendant's fifth point is that the trial court erred in giving Instruction 4, based on MAI–CR 3d 302.04, in that the instruction erroneously defined "reasonable doubt." In *State v. Blankenship*, 830 S.W.2d 1, 13[14] (Mo. banc 1992), the court rejected the same contention and said that the instruction has been repeatedly upheld. Defendant's fifth point has no merit.

The judgment is affirmed.

Case No. 19094

■ Rule 29.15(b) provides, in pertinent part:

"If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal.... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15."

The transcript in the appeal was filed in this court on March 3, 1993. Movant's Rule 29.15 motion was filed on April 6, 1993, and was untimely.

As stated in *State v. Bradshaw*, 867 S.W.2d 309, 311[6] (Mo.App.1993), the motion court "improvidently" dealt with the motion on its merits and "proper procedure requires vacating the motion court's ruling, and remanding the case for dismissal." The judgment on the Rule 29.15 motion is vacated, and the case is remanded for dismissal.

SHRUM, C.J., and MONTGOMERY, J., concur.