STATE of Missouri, Plaintiff/Respondent,

v.

Albert SPICER, Defendant/Appellant.

Albert SPICER, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

Nos. 62158, 65527.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 11, 1995.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

Before AHRENS, P.J., and SIMON and KAROHL, JJ.

1. To ensure anonymity of the victim, Appellant's daughter, we identify Appellant by only the first

*ORDER*

■

STATE of Missouri, Respondent,

v.

L__ R__,[1] Appellant.

L__ R__, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 19256, 19743.

Missouri Court of Appeals,
Southern District,
Division Two.

April 11, 1995.

letters of his forename and surname.

ruling on a motion in limine by the State. Discussion of the point requires a brief reference to the evidence supporting the verdict.

As noted earlier,[3] the victim was Appellant's daughter. She was born May 30, 1983. She testified that on January 11 or 12, 1992, while she appeared to be asleep (but wasn't), Appellant pulled down her "pants and ... panties" and inserted one of his fingers in her "private."

The State filed the motion in limine the morning of trial, before voir dire. The motion averred the State expected Appellant to present evidence that the victim (a) "suffered an injury to the vaginal area which occurred approximately two years prior to the event in question," and (b) "had been involved in masturbation activity." The motion asserted such evidence would not be relevant and would violate § 491.015, RSMo 1986. The motion prayed the trial court to bar Appellant from presenting "any evidence of complaining witness' prior sexual conduct."

The trial court took up the motion before voir dire. The prosecutor argued:

"There has been some indication that ... two years prior to this incident, [the victim] was involved with an incident with another little girl that involved a stick and the stick was placed close to her genitals.... if that evidence is presented, we'll have to present the medical evidence that defense counsel's aware of that will show that this is not the same injury that she suffered for which the doctors testify; this is a new injury and not the injury that occurred two years ago, and the injury was very slight at that time. But anyway ... it's not relevant because of the proximity in time, and also under Section 491.015.

... the other part of this is during depositions, the mother ... indicated ... that she caught ... the victim in this case, involved in inappropriate conduct, and one such conduct was masturbation. This is not close in proximity and time ... to the time of this incident."

The position of Appellant's lawyer was:

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

A jury found Appellant guilty of sodomy, § 566.060.3, RSMo Cum.Supp.1990, and assessed punishment at five years' imprisonment. The trial court entered judgment per the verdict. Appellant brings appeal 19256 from that judgment.

While appeal 19256 was pending, Appellant commenced an action per Rule 29.15[2] to vacate the judgment. The motion court denied relief without an evidentiary hearing. Appellant brings appeal 19743 from that order.

We consolidated the appeals, Rule 29.15(*l*), but address them separately in this opinion.

### Appeal 19256

The first of Appellant's two points relied on in this appeal attacks the trial court's

---

2. Rule references are to Missouri Rules of Criminal Procedure (1994).

3. Footnote 1, *supra*.

"... I don't believe that masturbation or the stick incident, for that matter, are sexual conduct as they would be understood under 491.015. The reason I say that is that ... there are various definitions, as the Court knows, in the Missouri Approved Instructions. One of those goes to sexual conduct, and in none of these potential uses of the word 'sexual conduct' is there anything that talks about masturbation. They talk about deviant sexual intercourse, it says that it's the same thing as what a sodomy is; the hand, anus or mouth of one person and genitals of another person.

In this instance, masturbation is one person doing the same thing; it is not another person performing an act on a victim, in other words. Also, there is nothing in this definition which goes to instruments being used by another person or by the same person upon themselves, so I don't believe that 491.015 applies in this case to that evidence."

After further argument, this exchange occurred:

"THE COURT: Have you filed a motion indicating that you're going to use prior sexual conduct evidence of the complaining witness?

[Appellant's lawyer]: Your Honor, I don't believe I have to because I don't believe that this is prior sexual conduct."

Additional debate ensued, after which the trial court granted the motion.

A physician who examined the victim January 21, 1992, testified her hymen diameter was enlarged and there was an irregular area "at the seven o'clock position." He explained:

"A normal hymen is a smooth, round area that is the opening to the vagina. In this case, hers was not only enlarged, but it was irregular. It was enlarged to the horizontal, this way. At this position at seven o'clock, there is a small tear or a scar present, so it was not regular and smooth."

The physician's cross-examination by Appellant's lawyer included this:

"Q ... when you found the opening [sic] at the seven o'clock position, there's no way of telling when that happened, is there?

A No. You can tell if something is recent if it's torn. After it's scarred, you tend to think it's an older—had time to heal.

Q So there's no way—from what you recall of seeing [the victim's] abnormal finding, there is no way that you can tell when that happened?

A That's correct, you really can't age a scar like that, or at least I can't."

Appellant's first point:

"The trial court erred in sustaining the State's motion in limine because ... evidence relating to the complaining witness' prior sexual activity, including an injury sustained to her vaginal area occurring approximately two years prior to the event in question and her masturbation activity, was relevant in that such evidence provided an alternative source or origin of the damage recounted by [the physician] upon which he based his suspicions of sexual abuse; Appellant was thereby deprived of his right to put on witnesses and cross-examine the witnesses against him...."

The State maintains Appellant failed to preserve the point for appellate review in that (a) after the trial court granted the motion in limine, Appellant made no effort to present such evidence during trial, and (b) Appellant failed to comply with the requirements of § 491.015.3.[4]

For reasons that follow, we need not decide whether the "stick incident" or the victim's alleged masturbation was "sexual conduct" within the meaning of § 491.015.

■ A trial court's ruling on a motion in limine is interlocutory only and is subject to

---

4. Section 491.015.3, RSMo 1986, reads:
"If the defendant proposes to offer evidence of the sexual conduct of the complaining witness under this section, he shall file with the court a written motion accompanied by an offer of proof or make an offer of proof on the record outside the hearing of the jury...."

change during trial. *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc 1992); *State v. Wald,* 861 S.W.2d 791, 794[2] (Mo.App.S.D. 1993). Consequently, when a motion in limine is granted, the proponent of the evidence, in order to preserve the issue for appellate review, must attempt to present the excluded evidence at trial and, if an objection to the proffered evidence is sustained, the proponent must then make an offer of proof. *Purlee,* 839 S.W.2d at 592; *Wald,* 861 S.W.2d at 794.

■ Appellant does not cite anyplace where the record shows he attempted to present the excluded evidence during trial, and we have searched the record in vain for such an attempt. We therefore hold Appellant failed to preserve the claim of error in his first point for appellate review.

■ Furthermore, *Purlee* and *Wald* require an offer of proof if the trial court rejects the proffered evidence. The offer of proof must present facts which are specific and sufficient in detail to establish the admissibility of the tendered evidence. *State v. Umfrees,* 433 S.W.2d 284, 286[1] (Mo. banc 1968); *State v. Hurtt,* 836 S.W.2d 56, 59 (Mo.App.S.D.1992). The preferable method is to present the evidence by questioning the witness, outside the jury's presence, thus enabling the trial court to intelligently rule upon, and the appellate court to review, the admissibility of the evidence. *Hurtt,* 836 S.W.2d at 59; *State v. Belcher,* 856 S.W.2d 113, 116[7] (Mo.App.E.D.1993). However, an offer may be made in narrative form so long as it is definite and specific, is not mere conclusions of counsel, and sets out sufficient facts to demonstrate admissibility. *Hurtt,* 836 S.W.2d at 59; *State v. Dixon,* 655 S.W.2d 547, 557[16] (Mo.App.E.D.1983), *cert. denied,* 464 U.S. 1072, 104 S.Ct. 982, 79 L.Ed.2d 219 (1984). When a party fails to make the offer in question and answer form, there is a risk that a reviewing court will find the offer insufficient. *Hurtt,* 836 S.W.2d at 59; *Dixon,* 655 S.W.2d at 557[17].

■ Appellant directs us to only one comment by his lawyer to the trial court[5] arguably constituting an offer of proof. It came during the hearing on the motion in limine preceding voir dire. Appellant's lawyer said:

"... I believe the testimony about masturbation would come from [the victim] herself. As a matter of fact, in this case she used that as one of the reasons for the physical findings the doctor had...."

Appellant's lawyer did not refer to the "stick incident" in the above comment, and we find no assertion by Appellant's lawyer anytime during trial that the "stick incident" was a possible cause of the "damage" (Appellant's term) found by the physician.

As we have seen, the prosecutor said there was "medical evidence" that the injury caused by the "stick incident"[6] was "very slight" and was not the injury "for which the doctors testify." Appellant did not dispute that proclamation and disclosed no evidence contradicting it. Inasmuch as (a) the "stick incident" would have been relevant only if it was a possible cause of the scar or the "irregular" condition of the victim's hymen described by the physician, and (b) Appellant made no offer to prove that hypothesis, we hold he has not preserved for appellate review any claim of error as to exclusion of evidence about the "stick incident."

■ We reach the same conclusion as to evidence about the masturbation. The only statement in the record arguably constituting an offer of proof was the statement by Appellant's lawyer (quoted *supra*) that the victim used masturbation as one of the reasons for the physician's "physical findings." As we comprehend that portion of the transcript, Appellant's lawyer based the assertion on something the victim allegedly said to "the Division of Family Services."

The record yields no clue as to what the victim said, when she said it, or the identity of the person to whom it was said. We glean from the record that in a pretrial deposition, the victim said nothing indicating the "physical findings" described by the physician re-

---

5. The lawyer who represented Appellant at trial is not the lawyer representing him in these appeals.

6. That injury is undescribed in the record.

sulted from masturbation. Nothing in the record indicates the physician would have so testified.

Because the cryptic reference by Appellant's lawyer to the masturbation gave the trial court no details as to what the evidence would be, and did not indicate the physician would testify that the scar or the "irregular" condition of the victim's hymen could have been caused by the alleged masturbation, we hold Appellant preserved no claim of error regarding exclusion of evidence (whatever it was) about masturbation.

In sum, Appellant's first point is ineligible for review because he (a) made no attempt at trial to present the evidence referred to in that point, and (b) failed to make a sufficient offer of proof.

Appellant's second point avers the trial court erred in "permitting" the prosecutor to misstate the evidence on five occasions during final argument. Appellant concedes he did not object, hence he requests plain error review.

■■■ To obtain plain error relief, an accused must show the error affected his rights so substantially that a miscarriage of justice or manifest injustice will occur if the error is left uncorrected. *State v. Parker*, 856 S.W.2d 331, 332–33[2] (Mo. banc 1993). Appellate courts rarely grant relief on claims that plain error occurred in closing argument because, in the absence of objection and request for relief, a trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention. *State v. Clemmons*, 753 S.W.2d 901, 907–08 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). Because appellate courts do not expect trial judges to assist counsel in trying cases, trial judges should act *sua sponte* only in exceptional circumstances. *State v. Dunn*, 889 S.W.2d 65, 72[12] (Mo.App.E.D.1994); *State v. Drewel*, 835 S.W.2d 494, 498 (Mo.App.E.D.1992).

■■■ We have examined the segments of the prosecutor's argument about which Appellant complains. We find no exceptional circumstances warranting plain error relief. A prosecutor may state his conclusion if it is fairly drawn from the evidence; his inferences need not seem necessarily warranted. *Grubbs v. State*, 760 S.W.2d 115, 119[6] (Mo. banc 1988), *cert. denied*, 490 U.S. 1085, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989). Even if the prosecutor overstepped that boundary here—an issue we need not decide—there was no miscarriage of justice or manifest injustice. Further discussion of the matter would have no precedential value. Appellant's second point is denied.

Judgment affirmed.

## Appeal 19743

Appellant's sole point relied on in this appeal maintains the motion court erred in denying postconviction relief without an evidentiary hearing in that Appellant's 29.15 motion alleged facts unrefuted by the record which, if proved, would demonstrate he received ineffective assistance of counsel in the trial court.

The State correctly points out that Appellant's motion was untimely. Rule 29.15(b) reads, in pertinent part:

"... If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed within thirty days after the filing of the transcript in the appeal.... Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15."

■■■ Appellant filed the transcript in appeal 19256 on March 22, 1994. Consequently, his deadline for filing a motion under Rule 29.15 was Thursday, April 21, 1994. *Smith v. State*, 798 S.W.2d 152, 153 (Mo. banc 1990), *cert. denied*, 500 U.S. 928, 111 S.Ct. 2043, 114 L.Ed.2d 127 (1991). Appellant filed his 29.15 motion April 22, 1994.

■■■ Because the motion was untimely, the grounds pled in it were time-barred and procedurally waived, *Sloan v. State*, 779 S.W.2d 580, 581–82[1] (Mo. banc 1989), *cert. denied*, 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990), and Appellant relinquished his right to seek relief under Rule 29.15. *Jackson v. State*, 876 S.W.2d 1, 1[3]

(Mo.App.W.D.1994); *State v. Bradshaw,* 867 S.W.2d 309, 310–11[5] (Mo.App.W.D.1993).

As reported earlier, the motion court denied relief without an evidentiary hearing. In doing so, the motion court issued findings of fact and conclusions of law on the issues presented by Appellant's delinquent motion.

■ Because the motion was untimely, the motion court should have dismissed it without addressing the merits. *State v. Marsh,* 884 S.W.2d 698, 701[6] (Mo.App.S.D. 1994); *Bradshaw,* 867 S.W.2d at 310–11[6]. The order of the motion court denying relief is vacated, and the 29.15 action is remanded to the motion court for entry of an order dismissing it. *Marsh,* 884 S.W.2d at 701; *Bradshaw,* 867 S.W.2d at 310–11[6].

GARRISON, P.J., and PARRISH, J., concur.