**Kenneth WHITBY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 69365.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 27, 1996.

John M. Schilmoeller, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent.

### GARY M. GAERTNER, Judge.

Appellant, Kenneth Whitby ("movant"), appeals the judgment of the Circuit Court for the City of St. Louis denying his Rule 24.035 motion without an evidentiary hearing. We vacate the judgment of the motion court and remand for dismissal.

On July 13, 1993, movant pled guilty to one count of distribution of a controlled substance and two counts of sale of a controlled substance, RSMo § 195.211 (1994), and was sentenced to ten years on each count, said sentences to run consecutively. The trial court suspended the execution of the sentences and placed movant on two years probation. The court revoked the probation on January 5, 1995, and executed the sentences. On April 22, 1995, movant filed a *pro se* Rule 24.035 motion. The motion gave the date movant was delivered to the custody of the Department of Corrections as January 12, 1995. An amended motion was subsequently filed. The motion court denied movant's motions without an evidentiary hearing. This appeal followed.

We need not address movant's appeal, for the record shows movant's *pro se* Rule 24.035 motion was filed out of time. A Rule 24.035 motion must be filed within ninety days of the date the movant was delivered to the Department of Corrections. Rule 24.035(b). Failure to file within the time provided by the rule constitutes a complete waiver of any right to proceed under the rule and of any claim that could be raised under the rule. *Id.* The time limits of Rule 24.035 are constitutional and mandatory. *Seward v. State*, 871 S.W.2d 16, 17 (Mo.App. W.D.1993). If a Rule 24.035 motion is filed out of time, the motion court cannot address the merits of the motion but must dismiss it, even if the state does not request the court to do so. *Id.; see Butler v. State*, 841 S.W.2d 192, 193 (Mo.App. E.D.1992).

Here, movant was delivered to the Department of Corrections on January 12, 1995, but did not file a Rule 24.035 motion until April 22, 1995, a hundred days later. Movant therefore waived his rights to proceed under Rule 24.035, and the motion court should have dismissed his claims. The fact that the state raised this issue for the first time on appeal is of no consequence. *See id.*

The judgment of the motion court is vacated and cause is remanded for dismissal of movant's Rule 24.05 motion.

DOWD, P.J., and REINHARD, J., concur.