STATE of Missouri, Respondent,

v.

Jessie Lee WILLIAMSON, Appellant.

No. 20820.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 8, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Becky Owenson Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Appellant, tried as a prior and persistent offender, was found guilty by a jury of the class D felony of driving while intoxicated.[1] The trial court sentenced Appellant to six years' imprisonment.

The sole point relied on in Appellant's brief maintains the trial court erred in "sustaining the State's motion in limine and refusing to permit pharmacist Denny Bruns to testify about the effect the drug Lorcet would have had on Appellant." The point avers the ruling was reversible error "in that Appellant had told [the arresting] officer ... that he was on medication when he was stopped, and Bruns testified that he had dispensed Lorcet to Appellant for pain a month before Appellant's arrest."

Appellant does not challenge the sufficiency of the proof to support the conviction, hence we confine our account of the evidence to that which is pertinent to the claim of error.

Sergeant Nelson Lee Wallis of the Missouri State Highway Patrol arrested Appellant on a public road for driving while intoxicated at 8:51 p.m., May 13, 1995.

Wallis took Appellant to jail. There, Appellant said he had been injured in a tractor accident and "was taking medication." Wallis added: "I asked him what kind and he said he didn't know. And then I asked what time he took the last dose and he said 5:00 p.m. that day."

1. Sections 558.016, 558.019, 577.010 and 577.023, RSMo 1994.

Immediately before jury selection began, the prosecutor moved in limine to bar Bruns's testimony. The prosecutor declared, *inter alia:*

> "[T]he witness would not be able to testify unless the defendant takes the stand because the police report says that the defendant was on medication, but never told what medication he was on. And for the expert to testify as for the prescription of Lorcet the defendant would have to take the stand and testify that he had taken that drug and when he had taken it."

The trial court announced:

> "[I]'ll take the Motion In Limine under advisement because I think it's going to depend somewhat on what evidence comes in regarding the medication before I can make a decision on whether or not I can allow the witness to testify."

At the conclusion of the State's evidence, the trial court, outside the jury's presence, again considered the motion in limine. The court said:

> "In the testimony thus far there is nothing in this case that indicates what type of medication the defendant was taking.... There earlier was an indication that there might be a pharmacist called to testify as to the side effects of this medication.... Until such time as the defense establishes the relevancy of the side effects by showing when the medication was taken and what the medication was I'm not going to allow anyone to testify as to the side effects of that medication. They can put the pharmacist on and ask him about filling the medication prescription, but until such time as we have some connection and foundation to show that the side effects would have been in effect at the time of the arrest and other foundation material I won't allow the side effects in."

After that ruling, Appellant, outside the jury's presence, told the trial court he (Appellant) elected not to testify.

The only witness presented by Appellant was Bruns. He avowed he filled a forty-pill Lorcet prescription for Appellant on April 6, 1995. The prescribed dosage was "one at bedtime as needed rib cage pain, may repeat in four hours once at night if needed." Bruns was not asked about Lorcet's effect on one's behavior.

As reported in the second paragraph of this opinion, Appellant claims the trial court erred in refusing to permit Bruns to testify about the effect Lorcet would have had on Appellant. Citing *State v. Bashe,* 657 S.W.2d 321, 324 (Mo.App.S.D.1983), Appellant reminds us that the exclusion of relevant and material testimony of a defense witness essentially deprives an accused of his constitutional right to call witnesses in his behalf. In *Bashe,* this court reversed a conviction because the trial court wrongly excluded evidence relevant and material to the accused's defense and the State failed to show, beyond a reasonable doubt, that the accused was not prejudiced by the exclusion. *Id.* at 325.

In the instant case, the State does not challenge the holding in *Bashe.* Instead, the State maintains Appellant's claim of error is not preserved for appellate review.

■ The State relies on *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc 1992), which holds that a trial court's ruling on a motion in limine is interlocutory only and is subject to change during trial. Accordingly, where a trial court grants a motion in limine to exclude evidence, the proponent of the evidence, in order to preserve the issue for appellate review, must attempt to present the excluded evidence at trial and, if an objection to such evidence is sustained, the proponent must make an offer of proof. *Id.* The offer must be specific and in sufficient detail to establish admissibility of the proffered evidence and to demonstrate its relevance and materiality. *State v. Umfrees,* 433 S.W.2d 284, 286[1] (Mo. banc 1968). Where the proponent fails to make a sufficient offer of proof, any error in excluding the challenged evidence is not preserved for appellate review. *State v. L__ R__,* 896 S.W.2d 505, 509–10 (Mo.App.S.D.1995); *State v. Foulk,* 725 S.W.2d 56, 66[11] (Mo.App.E.D. 1987).

The State points out that Appellant does not cite anyplace where the record shows he made an offer of proof regarding the effect Lorcet has on one's behavior or an offer of

proof that ingesting Lorcet at 5:00 p.m. would have accounted for his indicia of intoxication at the time of arrest.[2]

All Appellant says in his brief is that the ruling on the motion in limine prevented him "from presenting evidence of the effect Lorcet would have had on his behavior at the time of the incident." Appellant's brief yields no hint as to what that effect was. As emphasized by the State, the record does not reveal the "side effects" of Lorcet, nor does the record disclose how Lorcet "would have caused [A]ppellant to act intoxicated."

 The absence of that information demonstrates the wisdom behind the requirement for an offer of proof. Without that information, there is no support for Appellant's claim that the trial court barred him from presenting exculpatory evidence.[3] Said another way, because Appellant made no offer of proof, the record fails to demonstrate that the testimony he wanted to elicit from Bruns—whatever it was—would have been relevant to the issue of whether Appellant was intoxicated. Consistent with *Purlee, Umfrees, L__R__,* and *Foulk,* we hold Appellant's claim of error is not preserved for appellate review.

We do not ignore Appellant's argument that his failure to make an offer of proof "should not be strictly held against [him]." In support of that premise, Appellant cites *State v. Spulak,* 720 S.W.2d 396 (Mo.App. S.D.1986). There the trial court barred several defense witnesses from testifying. *Id.* at 397. This court held the accused's failure to make an offer of proof did not preclude him from raising the issue on appeal in that the record revealed the substance of the testimony the witnesses would have given. *Id.* at 399.

No such data can be gleaned from the record here. It is silent regarding Bruns's knowledge about Lorcet and is bare of any showing that he is qualified to express an opinion about Lorcet's effect on one's mental and physical faculties.

Furthermore, as the trial court aptly observed at the end of the State's case, there was no evidence that the medication Appellant told Wallis he took at 5:00 p.m. was Lorcet. No such proof was adduced during Appellant's evidence. All the jurors learned from Bruns was that he supplied Appellant forty Lorcet pills thirty-seven days before the arrest, which were to be taken only at bedtime or during the night, not during daytime.

Absent evidence that the medication Appellant allegedly took at 5:00 p.m. was Lorcet, any testimony regarding Lorcet's effect on one's behavior would have been irrelevant.

Judgment affirmed.

PARRISH and SHRUM, JJ., concur.

(Mo.App.S.D.1996), this court affirmed a conviction of driving while intoxicated where the driver's intoxicated condition resulted from ingestion of a prescription drug, not alcohol.

---

**2.** Wallis testified Appellant exuded a "very strong" odor of intoxicants and performed poorly on "field sobriety test[s]" at the arrest site.

**3.** Bruns's testimony might not have exonerated Appellant. In *State v. Falcone,* 918 S.W.2d 288