**Demetrius WASHINGTON,
Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 72084.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 14, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 4, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Dave Hemingway, Asst. Sp. Public Defender, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES R. DOWD, Judge.

Movant appeals from the judgment of the circuit court denying his Rule 24.035 motion without an evidentiary hearing. We vacate the judgment of the motion court and remand for dismissal.

Movant was charged by substitute information with two counts of second degree murder, Section 565.021 RSMo 1994, and two counts of armed criminal action, Section 571.015 RSMo 1994. On December 27, 1995, movant pled guilty to all four counts. The

court accepted movant's pleas after finding they were made voluntarily, intelligently and with full understanding of the charges and the consequences.

On March 1, 1996, after a presentence investigation, the court sentenced movant to four terms of life imprisonment with the terms on counts I and II to run concurrently, and the terms on counts III and IV to run concurrent to each other and consecutive to the term on counts I and II. On June 27, 1996, movant filed his Rule 24.035 pro se motion for postconviction relief. Appointed counsel filed an amended motion on November 4, 1996. On January 8, 1997, the motion court issued its Findings of Fact, Conclusions of Law, Order and Judgment denying movant's motion for postconviction relief without an evidentiary hearing. This appeal followed.

■ Movant argues in his two points on appeal that the motion court clearly erred in denying movant's motion without a hearing. We need not address movant's appeal. The record shows movant's pro se Rule 24.035 motion was filed out of time. Rule 24.035(b) requires that a movant file a motion substantially in compliance with the applicable Criminal Procedure Form No. 40. Criminal Procedure Form No. 40 requires a movant to plead the date that he or she was delivered to the Department of Corrections. *Sharp v. State*, 936 S.W.2d 596, 598 (Mo.App.E.D. 1996). Demonstration of timely filing of a pro se motion is a condition precedent to pleading a claim for postconviction relief. *Id.*

■ The record indicates that movant was sentenced on March 1, 1996. His motion indicated that he was delivered into custody "March, 1996." He did not file his pro se motion until June 27, 1996. Movant failed to allege and demonstrate that his filing was timely. Failure to file within the time provided by the rule constitutes a complete waiver of any right to proceed under the rule and of any claims that can be raised under the rule. *Whitby v. State*, 930 S.W.2d 68, 69 (Mo.App.E.D.1996). The time limits of Rule 24.035 are constitutional and mandatory. *Id.* If a Rule 24.035 motion is filed out of time, the motion court cannot address the merits of the motion, but must dismiss it,

even if the state does not request the court to do so. *Id.*

The judgment of the motion court is vacated and cause is remanded for dismissal of movant's Rule 24.035 motion.

CRANE, P.J., and RHODES RUSSELL, J., concur.