**Stephen Lee RUSSELL, Defendant/Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 73033.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 22, 1998.

David C. Hemingway, Asst. Sp. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

RHODES RUSSELL, Judge.

Stephen Lee Russell ("defendant") appeals the judgment of the Circuit Court of St. Louis County denying his Rule 24.035 motion without an evidentiary hearing. Because appellant's motion was not filed within the ninety day time period as required by Rule 24.035(b), we vacate the judgment of the motion court and remand for dismissal.

On April 22, 1996, pursuant to a plea bargain, defendant pled guilty to statutory rape in the first degree, in violation of section 566.032 RSMo 1994. The court subsequently entered a sentence of fifteen years imprisonment. This sentence was to run concurrently with another sentence which defendant was serving at that time.

At the sentencing hearing, the judge explained defendant's rights to contest his judgment of conviction or sentence. The judge emphasized that defendant would be required to file such a motion within ninety days after his delivery to the Department of Corrections and failure to do so would result in a complete waiver of his rights under the rule. Defendant replied that he understood these instructions.

Defendant states he was delivered to the Department of Corrections on April 25, 1996. He filed his *pro se* Rule 24.035 motion on August 22, 1996. An amended motion was subsequently filed. In response, the trial court issued findings of fact and conclusions of law, denying defendant's request for an evidentiary hearing. This appeal followed.

■ If no appeal of the original judgment is taken, the Rule 24.035 motion shall be filed within ninety days of the date the person is delivered to the custody of the Department of Corrections. Rule 24.035(b). *See Day v. State*, 770 S.W.2d 692, 693 (Mo.

banc 1989), *cert. denied sub nom., Walker v. Missouri,* 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). Failure to file a motion within the time provided by Rule 24.035 shall constitute a complete waiver of any right to proceed under this rule and a complete waiver of any claim that could be raised in a motion filed pursuant to this rule. Rule 24.035(b). The time limits of this rule are constitutional and mandatory. *Whitby v. State,* 930 S.W.2d 68, 69 (Mo.App.1996). If such a motion is filed out of time, the motion court is precluded from addressing the merits of the motion and must dismiss the motion, even if the state does not request the court to do so. *Id.*

Defendant waited 119 days after he was delivered to the custody of the Department of Corrections to file his Rule 24.035 motion. This is twenty-nine days beyond the mandatory time limit. As a result, he waived his rights under Rule 24.035 and the motion court must dismiss the claim. Moreover, it is of no consequence that the state raised this issue for the first time on appeal. *Whitby,* 930 S.W.2d at 69; *Butler v. State,* 841 S.W.2d 192, 193 (Mo.App.1992).

The judgment of the motion court is vacated. The cause is remanded for dismissal of defendant's Rule 24.035 motion.

HOFF, P.J., and GARY M. GAERTNER, J., concur.