**Dana FORISTER, Movant/Appellant,**

v.

**STATE of Missouri,
Respondent/Respondent.**

No. 74891.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 23, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 5, 1999.

warranty. *See Whitman v. Consolidated Aluminum Corp.,* 637 S.W.2d 405, 407 (Mo.App.

Jennifer S. Walsh, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael P. Barry, Assistant Attorney General, Jefferson City, for respondent.

Before PAUL J. SIMON, P.J., KATHIANNE KNAUP CRANE, J., and LAWRENCE E. MOONEY, J.

PER CURIAM.

Movant, Dana Forister, appeals from the judgment of the Circuit Court of St. Charles County denying his Rule 24.035 motion for post-conviction relief. We vacate the judgment of the motion court and remand with directions to dismiss the motion as untimely filed.

On May 15, 1992, movant pleaded guilty to one count of sodomy in the second degree. On July 6, 1992 the trial court suspended the imposition of movant's sentence and placed him on supervised probation for five years. On May 16, 1996, the court revoked movant's probation and sentenced him to a term of sixteen years imprisonment. On May 16, 1996, movant was delivered into the custody of the Missouri Department of Corrections to serve his sentence. Thereafter, movant filed a pro se Rule 24.035 motion. Counsel was appointed to represent movant and later filed a first amended Rule 24.035 motion. The motion court granted the state's motion to dismiss for failure to allege facts warranting relief and denied the motion without an evidentiary hearing. Movant appeals.

On appeal, movant contends the motion court clearly erred in failing to find his plea counsel was ineffective in failing to inform him of his potential sentence if he violated probation. Movant further contends the trial court plainly erred in sentencing him to sixteen years imprisonment because he was entitled to a reduction in

S.D.1982).

his punishment under Section 1.160 RSMo (1994). We need not address the merits of movant's appeal because his original pro se motion was untimely filed and must be dismissed.

When a defendant does not appeal from the judgment sought to be vacated, set aside or corrected, the defendant must file a Rule 24.035 motion within 90 days after the defendant is physically delivered to the Missouri Department of Corrections. Rule 24.035(b). This time limit is mandatory and represents a strict guideline for the filing of post-conviction motions. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992). A movant's failure to plead and prove a timely motion constitutes waiver of any right to proceed under the rule. *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc), *cert. denied sub nom. Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989).

In his motion movant alleged that he was delivered to the custody of the Department of Corrections on May 16, 1996. He verified the motion on September 11, 1996. The motion itself is not date stamped and the legal file does not contain a minute sheet showing the date the motion was filed. In their briefs movant contends his pro se motion was filed "[o]n or about September 15" and the state contends the motion was filed on September 11, 1996.

Movant did not appeal from the judgment sought to be vacated, set aside or corrected. Because he was delivered to the Department of Corrections on May 16, 1996, he was required to file his pro se motion on or before August 14, 1996. Whether movant filed his motion on September 11 or September 15, 1996, his motion was untimely. By failing to file by August 14, 1996, movant waived his right to proceed under Rule 24.035. *See Butler v. State*, 841 S.W.2d 192, 193 (Mo.App. 1992). This conclusion is not affected by the fact that the state did not request the motion court to dismiss on this ground. *Id.*

We therefore vacate and remand this case to the motion court for dismissal. *See Smith v. State*, 798 S.W.2d 152, 153–54 (Mo. banc 1990).