Dismissal of Mr. Atencio's motion was the proper result.

The judgment is affirmed.

All concur.

Lew Kollias, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and LOWENSTEIN and BERREY, JJ.

PER CURIAM.

Harold Suman appeals the denial of an untimely-filed Rule 24.035 motion for post-conviction relief. The state has filed no respondent's brief, electing to stand on its motion to dismiss the appeal pursuant to *State v. Simmons*, 660 S.W.2d 319, 320 (Mo.App.1983).

The appeal is dismissed.

Appellant pleaded guilty to attempted first degree robbery, second degree assault, and resisting arrest. On November 18, 1987, he was sentenced to consecutive terms of imprisonment totaling fifteen years. Appellant sought postconviction relief in a Rule 24.035 motion filed on July 5, 1988. Denying the motion without an evidentiary hearing, the motion court issued findings of fact and conclusions of law on appellant's claim of ineffective assistance of counsel.

Although appellant's points relied on relate to the denial of his substantive claims, he admits in a footnote that his Rule 24.035 motion was untimely filed in violation of Rule 24.035(*l*) which requires persons, such as appellant, who were sentenced before 1988 to file on or before June 30, 1988. Appellant submits, however, that the waiver provision of Rule 24.035 should not apply to him because neither the state nor the motion court requested or granted dismissal on that ground. Appellant further argues that the time limitations imposed by Rule 24.035 violate the right to due process

**Harold SUMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 41925.**

Missouri Court of Appeals, Western District.

Feb. 6, 1990.

and suspend the right of habeas corpus. Finally, he points out that criminal defendants sentenced after 1988 receive notice of the filing requirements pursuant to Rule 29.07(b)(4), while those sentenced before 1988, as himself, are entitled to no such notice.

■ *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989), upheld the time limitations on filing contained in Rule 24.035 as valid and mandatory. Appellant's failure to timely comply with those filing requirements constitutes a complete waiver of any right to proceed under Rule 24.035. *King v. State,* 772 S.W.2d 18, 19 (Mo.App.1989).

■ Appellant's challenges to the constitutionality and the fairness of the time constraints were never presented to the motion court and cannot be considered on appeal. *Kunkel v. State,* 775 S.W.2d 579, 580–581 (Mo.App.1989). However, similar arguments have been rejected in other cases. *White v. State,* 779 S.W.2d 571, 573 (Mo. banc 1989); *Hodges v. State,* 779 S.W.2d 646, 647 (Mo.App.1989).

■ Because appellant waived his right to avail himself of Rule 24.035 by his untimely filing, the motion court improvidently entertained the merits of his motion which should have been dismissed. *King v. State, supra,* 772 S.W.2d at 19. The appeal is therefore dismissed.