**Shannon STUBBS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 64571.**

Missouri Court of Appeals, Western District.

Sept. 13, 2005.

Andrew Allen Schroeder, Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Shaun Mackelprang and Dora Fichter, Office of Attorney General, Jefferson City, for Respondent.

RONALD R. HOLLIGER, Presiding Judge.

Shannon Stubbs appeals the circuit court's denial, without a hearing, of his Rule 24.035 motion for post-conviction relief (PCR) from his guilty-plea conviction for attempt to receive stolen property, a class D felony. Relying on *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Mr. Stubbs's sole point on appeal is that his attorney provided ineffective assistance by promising him he would receive substance-abuse treatment in prison if he pled guilty, impinging the requirement of *State v. Roll,* 942 S.W.2d 370 (Mo. banc 1997), that a guilty plea be knowing and voluntary. The motion court concluded that any belief Mr. Stubbs had that he was guaranteed substance-abuse treatment became an unreasonable belief after he read and signed the plea petition.

Because the record clearly refutes Mr. Stubbs's contention, the motion court did not err in denying an evidentiary hearing. Affirmed.

### *Facts*

Mr. Stubbs was apprehended on a parole warrant for felony non-support of his child. The arresting officers found Mr. Stubbs in possession of stolen property and Stubbs pled guilty to attempt to receive stolen property. At the guilty plea proceeding, Mr. Stubbs testified, among other things, that he understood the judge would impose punishment for the charge to which Mr. Stubbs pled guilty, the range of punishment the charge allowed, and that probation was not guaranteed. He testified that the full extent of the plea agreement encompassed dropping other charges in exchange for the plea. Mr. Stubbs answered "no" to the question whether any other, undisclosed promise or assurance had caused him to plead guilty. After full disclosure of his rights and a full opportunity to elect to go to trial, Mr. Stubbs pled guilty.

At the subsequent sentencing, Mr. Stubbs, through his attorney, requested probation and agreed to any restrictions, including drug treatment, if probation were granted. Mr. Stubbs also asserted, through his attorney, that he had his drug problem "under control." The motion court judge raised the possibility of drug treatment in prison, saying, "All of that [review of Mr. Stubbs's history] is getting me closer to wanting to explore a treatment program of some sort. Because that wasn't recommended and none of this got discussed when you [the prosecutor] were up, I wanted you to have . . . a fair opportunity to argue against it."

After extensive discussion among Mr. Stubbs, his attorney, the prosecutor, the

probation officer, and the sheriff about the problems of getting Mr. Stubbs into treatment, the court pronounced sentence. The court initially discussed a four year sentence, including a recommendation for drug treatment. But the court opted to sentence Mr. Stubbs to three years instead of four when the contemplated drug-treatment looked uncertain to occur for reasons not a part of the record. The sentencing court then gave Mr. Stubbs a chance to revoke his plea and elect to go to trial. Near the close of the sentencing hearing, with full knowledge of his sentence and that treatment was uncertain, Mr. Stubbs said he was satisfied with his attorney's performance and did not wish to revoke his plea.

Mr. Stubbs moved for post-conviction relief under Rule 24.035, alleging ineffective assistance of counsel on grounds that his attorney promised him drug treatment if he pled guilty. In denying relief without a hearing, the motion court concluded, "Any belief [Mr. Stubbs] had from conversation with his attorney that he was guaranteed [substance-abuse treatment] became an unreasonable belief after he read and signed the plea petition."

### Discussion

■ This court reviews the motion court decision for clear error. Rule 24.035(k). Clear error may be found where "the appellate court is left with the definite and firm impression that a mistake has been made." *Roll,* 942 S.W.2d at 375. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a movant must show both (1) trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Roll,* 942 S.W.2d at 374–75. In the motion court, Mr. Stubbs had to prove his claim for relief by a preponderance of the evidence. Rule 24.035(i). This court need not decide both parts of the *Strickland* test if it decides one part has not been satisfied. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052.

■ The issue here is whether Mr. Stubbs was entitled to an evidentiary hearing on his PCR motion. "If the [motion] court shall determine the motion and the files and records of the case conclusively show that movant is entitled to no relief, a hearing shall not be held." Rule 24.035(h). To merit a hearing, "(1) the motion must allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant." *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997).

■ In a guilty plea case, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "If conviction results from a guilty plea, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Roll,* 942 S.W.2d at 375. "When a movant for post-conviction relief claims he made his guilty plea involuntarily because counsel misinformed him, the test applied is whether the movant's belief was reasonable." *Haskett v. State,* 152 S.W.3d 906, 910 (Mo. App.2005) (quoting *Krider v. State,* 44 S.W.3d 850, 857 (Mo.App.2001)). "Statements made by the defendant during sentencing refute ineffective assistance of counsel claims if the questions and responses are 'specific enough to refute conclusively the movant's allegations.'"

*Johnson v. State,* 921 S.W.2d 48, 51 (Mo. App.1996) (quoting *State v. Driver,* 912 S.W.2d 52, 56 (Mo. banc 1995)).

■ Mr. Stubbs's statements at sentencing conclusively refute his ineffective assistance of counsel claim. At the end of the sentencing hearing, with full knowledge of his sentence and the uncertainty of receiving drug treatment—and a renewed opportunity to elect to go to trial rather than plead guilty—Mr. Stubbs persisted in his guilty plea. Thus Mr. Stubbs fails to satisfy the prejudice requirement that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. 366.

■ Even if Mr. Stubbs had not had the second chance to elect a trial, the motion court rightly concluded that the record in the plea hearing conclusively refuted Mr. Stubbs's claim of ineffective assistance of counsel. At the plea hearing, the court thoroughly interrogated Mr. Stubbs regarding his understanding of the consequences of his plea, and he testified that no undisclosed agreement or promise had induced his guilty plea. Nothing prior to Mr. Stubbs's PCR motion suggests he even considered drug treatment as a condition of his guilty plea. The plea hearing did not discuss drug treatment at all. Later, at sentencing, Mr. Stubbs asserted, through his attorney, that he had his drug problem "under control." This assertion was aimed at securing parole, and stands in contrast to his subsequent claim that he sought drug treatment as a condition of his guilty plea. The sentencing transcript suggests that drug treatment in prison was the court's idea. The motion court judge said, "All of that [review of Mr. Stubbs's history] is getting *me* closer to wanting to explore a treatment program of some sort. Because *that wasn't recommended* and none of this got discussed when you [the prosecutor] were up, I wanted you to have … a fair opportunity to argue against it." (Emphasis added.) Thus the record refutes that Mr. Stubbs actively sought treatment, much less relied on treatment as a condition of his guilty plea. We find no clear error in the motion court's conclusion that, even if counsel had made promises to Mr. Stubbs, "[a]ny belief [Mr. Stubbs] had from conversation with his attorney that he was guaranteed [substance-abuse treatment] became an unreasonable belief after he read and signed the plea petition."

Because the record conclusively refutes Mr. Stubbs's claim that counsel induced the plea agreement by promising drug treatment, no evidentiary hearing on the motion was required, and no relief on grounds of ineffective assistance is warranted. Affirmed.

ROBERT G. ULRICH, Judge, and JOSEPH M. ELLIS, Judge, concur.