**Randall Craig SWOFFORD, Movant/Appellant,**

v.

**STATE of Missouri, Respondent/Respondent.**

**No. ED 93661.**

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 7, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 13, 2010.

Application for Transfer Denied Nov. 16, 2010.

Maleaner Harvey, Assistant Public Defender, St. Louis, MO, for appellant.

Chris Koster, Mary H. Moore, Attorney General, Jefferson City, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Movant, Randall Craig Swofford, appeals from a judgment denying on the merits his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. We vacate the judgment and remand the cause with directions to dismiss the motion because movant failed to timely file his *pro se* motion as required by Rule 29.15(b).

A jury found movant guilty of four counts of criminal nonsupport, in violation of section 568.040 RSMo (2000), arising out of his failure to provide support to his two minor children. The trial court sentenced movant to four days in jail on one conviction and fined him $2,500 on each of the three other convictions. We affirmed movant's convictions and sentences on direct appeal. *State v. Swofford*, 263 S.W.3d 810 (Mo.App.2008). We issued our mandate on October 16, 2008.

Ninety-two days later, on January 16, 2009, movant filed a *pro se* motion to vacate, set aside, or correct the judgment or sentence. Appointed counsel subsequently filed an amended motion and request for evidentiary hearing, alleging ineffective assistance of trial counsel. The motion court denied movant's request for an evidentiary hearing and entered a judgment denying the motion on the merits.

Rule 29.15(b) provides that if an appeal of the judgment or sentence sought to be vacated, set aside, or corrected was taken, the motion for post-conviction relief must be filed "within 90 days after the date the mandate of the appellate court is issued affirming such judgment or sentence." The time limits of Rule 29.15 are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); *see also Bullard v. State*, 853 S.W.2d 921, 923 (Mo. banc 1993). Courts are without authority to extend time limits beyond those set forth in the rule. *State v. Brooks*, 960 S.W.2d 479, 499 (Mo. banc 1997). A court may not consider a Rule 29.15 motion filed more than ninety days after the appellate court issues its mandate because to do so conflicts with the express limits provided for the remedy under Rule 29.15. *Belfield v. State*, 307 S.W.3d 680, 682 (Mo.App. 2010).

A movant's failure to file a motion within the time provided by Rule 29.15(b) constitutes a complete waiver of any right to proceed under Rule 29.15. Rule 29.15(b); *Malone v. State*, 798 S.W.2d 149, 151 (Mo. banc 1990). When a motion is filed outside the time limits, the motion court has no option but to dismiss it. *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). Further, an untimely *pro se* motion for post-conviction relief is a fatal defect that cannot be cured by filing a timely amended motion. *Matchett v. State*, 119 S.W.3d 558, 559 (Mo.App.2003); *Shields v. State*, 87 S.W.3d 355, 357 (Mo. App.2002).

Movant did not file his *pro se* motion for post-conviction relief until ninety-two days after the mandate, and he concedes that his motion was untimely. However, he argues that the untimeliness of his *pro se* motion was waived because the motion court reviewed his claims on the merits and the state did not raise untimeliness in the motion court. Movant recognizes that courts have allowed untimeliness to be raised for the first time on appeal, but he argues that the rationale for those holdings, which, he argues, is that the time constraints are jurisdictional and jurisdictional questions can be raised at any time,[1] is no longer valid after *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009). Movant argues that after *Webb*, untimeliness does not deprive the court of jurisdiction, citing *Andrews v. State*, 282 S.W.3d 372, 375 n. 3 (Mo.App.2009). *See also Belfield*, 307 S.W.3d at 682 n. 3. Movant concludes that if untimeliness does not create a jurisdictional issue, then the rationale for allowing the untimeliness of a motion to be addressed for the first time on appeal is no longer valid.

1. *See, e.g., State v. Myers*, 997 S.W.2d 26, 36 (Mo.App.1999); *Lawrence v. State*, 980 S.W.2d 135, 135 (Mo.App.1998); *Marschke v. State*, 946 S.W.2d 10, 11–12 (Mo.App.1997).

We disagree with movant's argument because the "lack of jurisdiction" rationale is not the exclusive reason an appellate court may consider and act on a previously unraised claim of failure to timely file a motion for post-conviction relief. A more fundamental reason for this ability to act is that an appellate court has the power and duty to enforce Missouri Supreme Court rules. Pursuant to this power, we are authorized to consider and act on the untimeliness of a post-conviction motion whether or not the state raised the issue in the motion court or on appeal because the state cannot, by failing to object, waive a movant's noncompliance with the time constraints of the post-conviction relief rules. Likewise, the issue is not waived by the motion court's consideration of the motion on the merits.

The Missouri Supreme Court " 'has the power to make procedural rules governing all legal matters subject only to the limitations of federal law and the Missouri Constitution.' " *State v. Reese*, 920 S.W.2d 94, 95 (Mo. banc 1996) (quoting *Berdella v. Pender*, 821 S.W.2d 846, 850 (Mo. banc 1991)). The Constitution grants the court the power to "establish rules relating to practice, procedure and pleading for all courts ... which shall have the force and effect of law." Mo. Const., art. V, § 5; *see Reese*, 920 S.W.2d at 95. "The rules of civil procedure are 'rules of practice and procedure to promote the orderly administration of justice.' " *Sitelines, L.L.C. v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo.App.2007) (quoting *Mello v. Williams*, 73 S.W.3d 681, 685 (Mo.App. 2002)). Court rules serve the purpose of implementing a remedy for a violation of a right and to "provide a pattern of regularity of procedure within the court, to facilitate the effective flow of information, and to enable the court to rule on the merits of the case, in a speedy and inexpensive man-

ner." 21 C.J.S. *Courts* § 179 (2006) (footnotes omitted). "When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them." *Sitelines*, 213 S.W.3d at 707 (citing *Bank v. Pfeil*, 537 S.W.2d 680, 681 (Mo.App.1976)).

We can take action to enforce a Missouri Supreme Court rule even if no party objects, because parties cannot waive compliance with court rules. A century ago, the Missouri Supreme Court explained:

> If counsel by expressed agreement, or even a tacit agreement, can obviate our rules, the efficacy thereof would be destroyed. It is not within the power of counsel by agreement, either expressed or implied, to obviate the provisions of the rules of this court. Those rules were established with the purpose of facilitating the business of the court, and to permit counsel to obviate the effect thereof by either a tacit or expressed agreement would leave the court powerless.

*Hays v. Foos*, 223 Mo. 421, 122 S.W. 1038, 1038 (1909). In *Miller v. Ernst & Young*, 892 S.W.2d 387, 389 (Mo.App.1995), an appeal from summary judgment, the appellant attacked the failure of the motion to comply with Rule 74.04, but then sought to abandon that point in order to obtain a ruling on the substantive issues. We refused that request, and held: "Because the purpose underlying the requirements of the [Summary Judgment] Rule is directed toward benefiting trial and appellate courts to expedite the disposition of cases, noncompliance with these requirements is not a matter subject to waiver by a party." *Miller*, 892 S.W.2d at 389.

Without explicitly referring to our authority to enforce supreme court rules, we have used that authority to enforce the waiver language of Rules 24.035 and 29.15 and order a post-conviction motion dis-

missed for untimeliness even though the issue was not raised or addressed in the motion court, and we have done so without relying on a "lack of jurisdiction" rationale. *See Butler v. State*, 841 S.W.2d 192, 193 (Mo.App.1992); *Murphy v. State*, 796 S.W.2d 673, 674 (Mo.App.1990); *Suman v. State*, 783 S.W.2d 525, 526 (Mo.App.1990); *see also Washington v. State*, 972 S.W.2d 347, 348 (Mo.App.1998); *State v. Bradshaw*, 867 S.W.2d 309, 311 (Mo.App.1993). These cases reason that by failing to timely comply with the post-conviction rule, the movant waived his or her right to proceed as set out in the rule; because of the waiver, the motion court improvidently entertained the merits of the motion when it should have been dismissed; and therefore, the appellate court was required to vacate and remand the motion for dismissal. In *Butler*, we held that it is of "no consequence" that the state did not request and the court did not grant dismissal on the ground that the motion was not timely filed. 841 S.W.2d at 193. Further, *Murphy* and *Suman* both explicitly rejected the argument that the state's failure to object to the untimeliness of the motion in the motion court waived the noncompliance. *Murphy*, 796 S.W.2d at 674; *Suman*, 783 S.W.2d at 525–26.

The valid and mandatory time limits in Rules 24.035 and 29.15 "serve the legitimate end of avoiding delay in the processing of prisoners['] claims and prevent the litigation of stale claims." *Day*, 770 S.W.2d at 695. In this case, movant waived his right to proceed with his post-conviction motion because he did not timely file his *pro se* motion. *See* Rule 29.15(b). The state could not waive movant's noncompliance by failing to object in the motion court. We have the authority to enforce the valid and mandatory time limits in Rule 29.15 by vacating the judgment and ordering the motion dismissed.

*Conclusion*

The judgment is vacated and the cause is remanded with directions to dismiss movant's Rule 29.15 motion.

GLENN A. NORTON, P.J. and GEORGE W. DRAPER III, J., concur.