Marcus SNYDER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 72071.

Missouri Court of Appeals,
Western District.

March 22, 2011.

Susan L. Hogan, Kansas City, MO, for Appellant.

Dora A. Fichter, for Respondent.

Before Division One: THOMAS H. NEWTON, Presiding Judge, JAMES M. SMART, JR., Judge and JOSEPH M. ELLIS, Judge.

JOSEPH M. ELLIS, Judge.

Marcus Snyder appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. For the following reasons, the motion court's decision is affirmed.

On September 5, 2007, Appellant was charged with one count of robbery in the first degree, § 569.020; [1] one count of burglary in the first degree, § 569.160; and two counts of armed criminal action, § 571.015. On April 2, 2008, pursuant to a plea agreement with the State, Appellant appeared before the circuit court and entered a plea of guilty to the robbery and burglary charges. In exchange for his plea, the State agreed to dismiss the armed criminal action counts, to recommend a cap on his sentences at fifteen years, and to recommend that his sentences be served concurrently with each other and with the sentences imposed in three other cases.[2]

After questioning Appellant about his understanding of the plea agreement and the rights he would be waiving, the circuit court determined that Appellant's plea was knowingly, intelligently, and voluntarily entered and accepted the plea. On May 7, 2008, the circuit court sentenced Appellant consistently with the plea agreement to concurrent terms of fifteen years on the robbery count and ten years on the burgla-

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

2. At the same hearing, Appellant entered a guilty plea to one count of class C felony stealing. He was also on probation for two other sentences for which probation was revoked.

ry count.[3] The court ordered that those sentences also be served concurrently with Appellant's three other sentences. On May 9, 2008, Appellant was delivered into the custody of the Missouri Department of Corrections.

On July 10, 2008, Appellant filed a motion for an extension of time in which to file a motion for post-conviction relief under Rule 24.035, claiming that a lack of legal resources at the facility where he was incarcerated prevented him from filing a timely motion. Appellant predicted that he would be so situated for 90 to 120 days and requested an extension of 90 to 120 days in which to file his post-conviction motion. On July 10, 2008, the circuit court granted Appellant motion, ordering that he be granted an additional 120 days to file his 24.035 motion. On December 29, 2008, Appellant filed his motion for post-conviction relief. On January 29, 2009, appointed counsel filed a motion for extension of time in which to file an amended motion. The trial court granted that motion.[4] Eventually, an amended motion was filed by appointed counsel on August 24, 2009, alleging, in relevant part, that Appellant's plea was not knowing and intelligently entered because counsel had misinformed him that he would be placed in a drug treatment program and released on probation after 120 days. On December 29, 2009, the motion court entered its Findings of Fact and Conclusions of Law, denying Appellant's post-conviction motion without an evidentiary hearing.

In his sole point on appeal, Appellant claims that the motion court erred in denying his motion without an evidentiary hearing. He claims that the record did not refute his contention that counsel had been ineffective in promising that he would be released on probation after completing a 120–day treatment program.

■ Before analyzing Appellant's claim, however, we must address the State's contention, raised for the first time on appeal, that Appellant's original motion was filed out of time. The State argues that Appellant's claims were, therefore, waived and that this appeal should be dismissed.

■ "Generally, a movant is entitled to relief under Rule 24.035 or Rule 29.15 if the movant files a meritorious motion within the time limits set forth in those rules." *Gehrke v. State,* 280 S.W.3d 54, 57 (Mo. banc 2009). Indeed, Rule 24.035 specifically provides that the "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." *Rule 24.035(b).* The prescribed time limits are constitutionally valid and mandatory. *White v. State,* 91 S.W.3d 154, 156 (Mo. App. W.D.2002). Where a movant fails to file his or her motion within the time allowed, there is a "complete waiver of the right to seek post-conviction relief and a complete waiver of all claims that could have been raised in a timely post-conviction motion. *Moore v. State,* 328 S.W.3d 700, 702 (Mo. banc 2010). "When a motion is filed outside the time limits, the motion court is compelled to dismiss it."[5] *Gehrke,* 280 S.W.3d at 57.

---

3. The court also sentenced Appellant to seven years on the stealing charge.

4. The motion court granted Appellant ninety days from the date the court reporter finished transcribing the guilty plea and sentencing hearings.

5. "The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing." *Gehrke v. State,* 280 S.W.3d 54, 57 (Mo. banc 2009).

Where no direct appeal is taken from the judgment, a Rule 24.035 motion must be filed within 180 days of the date the movant is delivered to the custody of the Missouri Department of Corrections. *Rule 24.035(b)*. Appellant's motion was filed well beyond this time limitation. Furthermore, the *motion court has no authority to grant an extension of time* in which to file a post-conviction motion under Rule 24.035. *White*, 91 S.W.3d at 156; *Elamin v. State*, 6 S.W.3d 397, 398 (Mo. App. W.D.1999). Accordingly, Appellant's motion was clearly filed out of time.

Appellant contends, however, that, by failing to raise an objection to his motion being filed out of time with the motion court, the State waived any timeliness claim. In *Andrews v. State*, 282 S.W.3d 372 (Mo.App. W.D.2009), this Court held that a challenge to the timeliness of a post-conviction motion "is not an issue of jurisdiction and is just an issue of trial error." *Id.* at 375 n. 3. We further noted:

> The State also concedes that it did not raise its timeliness issue to the circuit court. The State, however, maintains that this issue can be raised for the first time on appeal. The State is correct that we have allowed this argument to be raised for the first time on appeal. Courts allowed this issue to be raised on appeal for the first time because they considered it to be a jurisdictional issue. Of course, as we discussed in footnote 3, the issue is not jurisdictional. Thus, it is unclear to us whether or not the State can raise this issue for the first time on

appeal. We, however, do not need to resolve this issue. . . .

*Id.* at 375 n. 4 (internal citations omitted).[6] Appellant asks us to now determine whether the State waives a timeliness claim by failing to properly raise the issue with the motion court or whether the State may successfully make a timeliness claim for the first time on appeal.

The Eastern District of this Court has held that, despite the fact that the time limitations are not jurisdictional, the failure to comply with the time limit may be raised for the first time on appeal because of the inherent power and duty of the court of appeals to enforce Supreme Court Rules. *Swofford v. State*, 323 S.W.3d 60, 63 (Mo.App. E.D.2010). The *Swofford* court claimed that the court of appeals "can take action to enforce a Missouri Supreme Court rule even if no party objects, because parties cannot waive compliance with court rules." *Id.* The court further stated that "[p]ursuant to this power, we are authorized to consider and act on the untimeliness of a post-conviction motion whether or not the state raised the issue in the motion court or on appeal because the state cannot, by failing to object, waive a movant's noncompliance with the time constraints of the post-conviction relief rules." *Id.* The Eastern District subsequently followed *Swofford* in *Mackley v. State*, 331 S.W.3d 733 (Mo.App. E.D. 2011).

*Swofford* conflicts, however, with the Missouri Supreme Court's prior holding that "if a matter is not jurisdictional but rather is a procedural matter required by

---

**6.** Thereafter, in *State ex rel. Scroggins v. Kellogg*, 311 S.W.3d 293, 297 (Mo.App. W.D. 2010), this Court quoted the aforementioned language from *Andrews* and noted that "prior Missouri cases that interpreted statutory or rule restrictions on a trial court's power to take an action in a particular case as a deprivation of the court's 'jurisdiction' are no long-

er accurate" but we went on to hold that "while a statute or rule cannot strip the court of subject matter jurisdiction, it may still limit the court's ability to grant a remedy." We held that a challenge to the trial court's authority to act could be reviewed for legal error by the appellate court. *Id.*

statute *or rule* or an affirmative defense of the sort listed in Rule 55.08, then it generally may be waived if not raised timely." *McCracken v. Wal–Mart Stores E., LP,* 298 S.W.3d 473, 476 (Mo. banc 2009) (emphasis added); *see also Reynolds v. Carter Cnty.,* 323 S.W.3d 447, 452 (Mo.App. S.D. 2010). Thus, the rules of court may, indeed, be waived, and the reasoning of *Swofford* is fundamentally flawed.

Rule 24.035(b) states that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete *waiver* of any right to proceed under this Rule 24.035 and a complete *waiver* of any claim that could be raised in a motion filed pursuant to this Rule 24.035." (Emphasis added.) Rule 24.035(a) provides that "[t]he procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable." Looking to those rules of civil procedure, Rule 55.08 provides that "[i]n pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including but not limited to ... statute of limitations, ... *waiver,* and any other matter constituting an avoidance or affirmative defense."[7] (Emphasis added.) Likewise, Rule 55.27(a) requires that, aside from certain specified defenses not applicable herein, "[e]very defense, in law or fact, to a claim in any pleading ... shall be asserted in the responsive pleading thereto if one is required." Thus, Rule 55.08 and Rule 55.27(a) dictate that the State set forth in its responsive pleading to the post-conviction motion an assertion that the movant waived his or her right to proceed under Rule 24.035(b). Otherwise, the State waives its right to claim that Appellant

waived his right to pursue post-conviction relief.

The time limitation in Rule 24.035 is akin to the various statutes of limitation, which result in the waiver of various causes of action not prosecuted within a certain period of time, and "the law is well settled that the affirmative defense of the statute of limitations is non-jurisdictional and can be waived." *Reynolds,* 323 S.W.3d at 452 (internal quotation omitted). Statutes pertaining to procedural matters are enforced in the same manner as a Supreme Court rule as long as the procedural matter addressed is not inconsistent with a Supreme Court rule. *State v. Teer,* 275 S.W.3d 258, 264 (Mo. banc 2009); *see also Mo. Const. art. V, § 5* (granting the Supreme Court power to "establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law"); *Gillespie v. Rice,* 224 S.W.3d 608, 612 (Mo.App. W.D.2006) ("Missouri Supreme Court Rules are to be given the same effect as statutes...."). The application of a statute of limitations "must be specifically asserted by the time the case is decided." *Reynolds,* 323 S.W.3d at 453; *see also Patel v. Pate,* 128 S.W.3d 873, 877 (Mo.App. W.D.2004) (holding that a statute of limitations defense first raised in a motion to dismiss at the close of the plaintiffs' evidence was untimely). "The trial court ha[s] no obligation to rule on a defense that was not raised." *Reynolds,* 323 S.W.3d at 452. We perceive no reason why the time limitation in Rule 24.035(b) should be treated any differently than the time limitations established by statute.

For the foregoing reasons, we conclude that the State waived its right to challenge Appellant's post-conviction motion based

---

**7.** "A pleading that sets forth an affirmative defense or avoidance shall contain a short and plain statement of the facts showing that the pleader is entitled to the defense or avoidance." *Rule 55.08.*

upon the time limitation contained in Rule 24.035(b) by failing to raise that issue in the motion court. Accordingly, we turn to the motion court's decision to deny that motion on the merits.

Appellate review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Hastings v. State*, 308 S.W.3d 792, 795–96 (Mo.App. W.D. 2010) (quoting *Rule 24.035(k)* ). "A motion court's findings and conclusions are clearly erroneous only if the Court, after reviewing the entire record, is left with the definite and firm impression that a mistake has been made." *Gehrke*, 280 S.W.3d at 56–57.

"To prevail on a claim of ineffective assistance of counsel, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances; and that he was thereby prejudiced." *Jones v. State*, 211 S.W.3d 210, 213 (Mo.App. S.D.2007) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). "When a movant pleads guilty, claims of ineffective assistance of counsel are relevant only to the extent they affect the voluntariness with which a plea was made." *Id.* "In the context of a guilty plea, a movant establishes prejudice due to ineffective assistance of counsel by demonstrating that a reasonable probability exists that, but for plea counsel's errors, the movant would not have entered a guilty plea and would have insisted on proceeding to trial." *Copas v. State*, 15 S.W.3d 49, 54 (Mo.App. W.D.2000). "A movant is entitled to an evidentiary hearing when: (1) facts, not conclusions, are pleaded that warrant relief; (2) the record does not refute the facts; and (3) movant was prejudiced." *Forrest v. State*, 290 S.W.3d 704, 715–16 (Mo. banc 2009).

The motion court determined that Appellant's claim that he reasonably relied on assurances by counsel that he would be placed in a 120–day drug treatment program and then released on probation was refuted by the record. The transcript of the plea hearing reflects that Appellant was extensively questioned about his understanding of the plea agreement and the rights he would be waiving. Appellant acknowledged that under the plea agreement his possible sentences were to be capped at fifteen years and that those sentences were to be served concurrently with each other, with his sentence on a separate stealing charge, and with two other sentences for which he had been on probation. Appellant stated his understanding that that the judge could sentence him to fifteen years imprisonment or something less than that. Appellant testified that no other promises had been made to him to induce him to plead guilty. No mention of a drug problem, drug treatment, or a 120–day callback was made at the plea hearing. The trial court did not clearly err in finding that the record refuted Appellant's claims that counsel promised that he would be placed in a drug treatment plan and released or that he could not have reasonably relied upon such a representation. *See Stubbs v. State*, 171 S.W.3d 139, 143 (Mo.App. W.D.2005). Point denied.

The motion court's denial of Appellant's post-conviction motion is affirmed.

All concur.