Michael W. PETTRY, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 95664.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 19, 2011.

Meleaner Harvey, Assistant Public Defender, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Mary H. Moore, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

Michael Pettry (Pettry) appeals from the motion court's denial of his Rule 24.035[1] motion without an evidentiary hearing. Pettry claims the motion court erred when it denied his post-conviction claims that his plea counsel was ineffective for promising him if he pleaded guilty to one count of driving while intoxicated, chronic offender, he would be sentenced to an alcohol treatment program and 120 days of shock incarceration. Additionally, Pettry claims his plea counsel led him to believe he would be required to serve only 15% or 20% of his five-year sentence with the Missouri Department of Corrections (DOC) if he pleaded guilty.

Accordingly, Pettry claims the motion court erred in denying his post-conviction claim because his guilty plea was not voluntarily, knowingly and intelligently made. We vacate the judgment and remand the cause with directions to dismiss Pettry's motion for post-conviction relief because Pettry failed to timely file his *pro se* motion as required by Rule 24.035.

## Background

Pettry was charged by the State of Missouri (State) in the Circuit Court of St. Louis County with driving while intoxicated as a chronic offender. On May 14, 2009, Pettry pleaded guilty and was convicted of one count of the class B felony. On June 25, 2009, the court sentenced Pettry to five years in the DOC.

At the plea hearing, Pettry stated that he had discussed the charge with his attor-

ney and that he understood it. Pettry also admitted to the acts underlying the charge as detailed by the State. Pettry indicated that he understood the range of punishment applicable for the offense. Pettry stated that no one had threatened him or promised him anything in exchange for his plea, that he understood he was entering a blind plea and that he was not forced to plead guilty against his will. Pettry testified that he was satisfied with his counsel's performance, that counsel fully advised him and that counsel did what he asked. Pettry also testified that he understood the rights available to him in a jury trial and that he was waiving those rights by pleading guilty. Pettry acknowledged that he was admitting his guilt of his own free will and that he was guilty as charged. The court determined that Pettry's plea was voluntarily given with full understanding, and therefore, accepted the plea.

At the sentencing hearing, the plea court advised Pettry of his right to proceed under Rule 24.035 and file a motion to vacate, set aside, or correct the judgment or sentence if he made the appropriate claims. The plea court explained to Pettry that he needed to follow a specific procedure to seek relief for the Rule 24.035 claims. The plea court told Pettry that if he failed to file his motion within 180 days after he was delivered to the DOC, "such failure to file will be a complete waiver of your right to proceed under this rule." When asked if he understood what he had been told, Pettry replied "yes, sir" and informed the plea court that he had no questions about the procedure.

On July 1, 2009, Pettry was delivered to the custody of the DOC. On January 14, 2010, Pettry filed a *pro se* Rule 24.035 motion for post-conviction relief. Appointed appellate counsel subsequently filed an

---

1. All rule references are to Mo. Rules Civ. P. 2010.

amended motion arguing that Pettry was denied effective assistance of counsel and due process of law because his plea counsel promised Pettry he would be sentenced to an alcohol treatment program and 120–day shock incarceration if he entered a plea of guilty to one count of the class B felony of driving while intoxicated, chronic offender. Pettry's appellate counsel also claimed that Pettry's plea of guilty was not voluntarily, knowingly and intelligently made because Pettry's plea counsel led him to believe that he would be required to serve only 15% or 20% of his five-year sentence with the DOC if he pleaded guilty.

On June 15, 2010, the motion court denied Pettry's request for an evidentiary hearing and on August 31, 2010, entered a judgment denying the motion on the merits. On October 12, 2010, Pettry filed his notice of appeal to this Court. This appeal follows.

### Points on Appeal

Pettry presents two points on appeal. In both points, Pettry claims the motion court clearly erred when it denied his post-conviction claims without an evidentiary hearing because he alleged facts demonstrating that he was denied effective assistance of counsel when his plea counsel failed to perform as reasonably competent counsel.

In his first point, Pettry contends that his plea counsel was ineffective for promising him the court would sentence him to an alcohol treatment program and 120–day shock incarceration if he pleaded guilty to one count of the class B felony of driving while intoxicated, chronic offender.

In his second point, Pettry alleges his plea counsel was ineffective because counsel led Pettry to believe that he would be required to serve only a small percentage of his sentence before being eligible for parole or probation. Thus, Pettry argues

his plea was not made voluntarily, knowingly and intelligently.

### Standard of Review

■ Our review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Worthington v. State*, 166 S.W.3d 566, 572 (Mo. banc 2005); *Mullins v. State*, 262 S.W.3d 682, 684 (Mo.App. E.D.2008). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves this Court with the definite and firm impression that a mistake has been made. *Mullins*, 262 S.W.3d at 684.

■ To be entitled to an evidentiary hearing, "a movant must allege facts, not conclusions, warranting relief; the facts alleged must raise matters not refuted by the record; and the matters complained of must have resulted in prejudice to the movant." *Id.* However, if the record conclusively refutes a movant's allegations, then the movant is not entitled to a hearing. *Id.* at 685.

### Discussion

■ Before addressing the merits of Pettry's appeal, we must address the State's contention, raised for the first time on appeal, that Pettry's original motion was untimely filed. The State argues that Pettry's claims were waived as a result of the late filing, and that this appeal must be dismissed.

■ Rule 24.035 sets forth the time limit to which a movant must adhere in order to proceed with a motion for post-conviction relief. Rule 24.035(b) provides, "[i]f no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." The

rule further expressly states that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a *complete waiver* of any right to proceed under this Rule 24.035 and a *complete waiver* of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b) (emphases added). "The movant is responsible for filing the original motion, and a lack of legal assistance does not justify an untimely filing." *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009). Pettry did not timely appeal the judgment or sentence he seeks now to vacate.

"The time limitations contained in Rules 24.035 and 29.15 are valid and mandatory." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989). This Court has held that, "an untimely *pro se* motion for post-conviction relief is a fatal defect that cannot be cured by filing a timely amended motion." *Swofford v. State*, 323 S.W.3d 60, 62 (Mo.App. E.D.2010). In *Swofford*, the movant appealed from a judgment denying on the merits his Rule 29.15 motion for post-conviction relief without an evidentiary hearing. *Id.* at 61. The movant filed his *pro se* motion two days past the ninety days required under Rule 29.15. *Id.* at 62. We held in *Swofford* that, "[a] court may not consider a Rule 29.15 motion filed more than ninety days after the appellate court issues its mandate because to do so conflicts with the express limits provided for the remedy under Rule 29.15." *Id.*

However, the movant in *Swofford* further argued that the State waived its right to challenge the *pro se* motion due to its untimely filing because the motion court reviewed his claims on the merits and the State did not raise the issue of the motion's late filing before the motion court. *Id.* We rejected movant's argument citing this Court's power and duty to enforce Missouri Supreme Court rules and declined to accept the notion that the parties could waive compliance with court rules. *Id.*

The Western District of this Court has declined to follow *Swofford* in *Snyder v. State*, 334 S.W.3d 735 (Mo.App. W.D.2011), and more recently in *Gerlt v. State*, 339 S.W.3d 578 (Mo.App. W.D.2011). In *Snyder*, the court examined a movant's failure to timely file a Rule 24.035 motion. 334 S.W.3d at 736. The court agreed with *Swofford* that Rule 24.035(b) states that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete *waiver* of any right to proceed under this Rule 24.035 and a complete *waiver* of any claim that could be raised in a motion filed pursuant to this Rule 24.035." *Snyder*, 334 S.W.3d at 739 (emphases in original). However, the *Snyder* court held that the State waived its right to assert the movant's waiver when it raised that issue for the first time on appeal. In its opinion, the *Snyder* court observed:

> Rule 24.035(a) provides that "[t]he procedure to be followed for motions filed pursuant to this Rule 24.035 is governed by the rules of civil procedure insofar as applicable." Looking to those rules of civil procedure, Rule 55.08 provides that "[i]n pleading to a preceding pleading, a party shall set forth all applicable affirmative defenses and avoidances, including but not limited to ... statute of limitations, ... *waiver*, and any other matter constituting an avoidance or affirmative defense." (emphasis added). Likewise, Rule 55.27(a) requires that, aside from certain specified defenses not applicable herein, "[e]very defense, in law or fact, to a claim in any pleading ... shall be asserted in the responsive pleading thereto if one is required." Thus, Rule 55.08 and Rule 55.27(a) dictate that the State set forth in its responsive pleading to the post-conviction

motion an assertion that the movant waived his or her right to proceed under Rule 24.035(b). Otherwise, the State waives its right to claim that Appellant waived his right to pursue post-conviction relief.

*Id.*

The *Snyder* court analogized the time limitation set forth in Rule 24.035 to statutes of limitation, which result in the waiver of a cause of action if not prosecuted within a certain period of time. *Id.* Additionally, the Western District noted that the affirmative defense of statute of limitations is non-jurisdictional and can be waived. *Id.* Following this analysis, the *Snyder* court held that the State waived its right to challenge the appellant's post-conviction motion based upon the time limitation contained in Rule 24.035 because it did not raise that issue before the motion court. *Id.* at 739–40. The *Snyder* court proceeded to consider the motion court's denial of the appellant's motion on the merits. *Id.* at 740.

In *Gerlt,* the Western District again considered the State's failure to raise before the motion court the issue of a movant's untimely filing of his motion for post-conviction relief under Rule 24.035. *Gerlt,* 339 S.W.3d at 580–81. The court reiterated its holding in *Snyder,* recognizing that its holding "conflict[ed] with the Eastern District's contrary holding in *Swofford."* *Gerlt,* 339 S.W.3d at 581. The *Gerlt* court further opined that a contrary holding would conflict with the Missouri Supreme Court's holding in *McCracken v. Wal–Mart Stores E., LP,* 298 S.W.3d 473, 476 (Mo. banc 2009), that "if a matter is not jurisdictional but rather is a procedural matter required by statute *or rule* or an affirmative defense of the sort listed in Rule 55.08, then it generally may be waived if not raised timely." *Id.* at 581 (emphasis added in *Gerlt* ). In *Gerlt,* the Western District again rejected our holding in *Swofford* and the Southern District's more recent holding in *Dorris v. State,* —— S.W.3d ——, 2011 WL 742548 (Mo.App. S.D.2011) (cause ordered transferred to the Missouri Supreme Court April 26, 2011), "insofar as they permit the State to raise a matter of trial error for the first time on appeal," and again considered the movant's motion on the merits. *Id.* at 581.

We are not persuaded by the Western District's rejection of *Swofford.* The analysis of both *Snyder* and *Gerlt* fail to acknowledge that a party seeks relief under Rule 24.035 by filing a motion, and that a motion is not a petition to which an answer is required under Rule 55.01. To the contrary, although the State may file a pleading in response to a motion filed pursuant to Rule 24.035, a response is not mandatory. Rule 24.035(g). Moreover, this motion is the exclusive procedure by which a person may seek relief in the sentencing court. Rule 24.035(a). Although the procedures to be followed for motions filed pursuant to Rule 24.035 are governed by the rules of civil procedure, such rules apply *insofar as applicable.* *Id.* (emphasis added). We find no basis for holding that Rules 55.01, 55.08 or 55.27 are applicable to proceedings filed pursuant to Rule 24.035 because no responsive pleading is required to a motion seeking post-conviction relief under Rule 24.035. If no responsive pleading is required, the State's failure to file a responsive pleading cannot constitute a waiver of its right to claim that the movant waived his right to pursue post-conviction relief.

■ Even if we were to hold that Rule 55 is generally applicable to motions for post-conviction relief filed pursuant to Rule 24.035, the specificity of Rule 24.035 and the detailed procedures required for any person seeking relief under said rule mandate a holding consistent with the re-

sult reached by this Court in *Swofford.* Courts interpret Supreme Court rules by applying principles of construction similar to those used for statutes. *State ex rel. Vee–Jay Contracting Co. v. Neill,* 89 S.W.3d 470, 471–72 (Mo. banc 2002). When two provisions conflict, "[a]s a general rule, a chronologically later statute, which functions in a particular way will prevail over an earlier statute of a more general nature, and the latter statute will be regarded as an exception to or qualification of the earlier general statute." *Lett v. City of St. Louis,* 948 S.W.2d 614, 619 (Mo.App. E.D.1996) (internal citations omitted). Moreover, where two statutes address the same subject, the more general provision must yield to the more detailed. *Id.* (internal citation omitted).

Rule 24.035 is more recent than Rule 55. Since its earlier adoption in 1973, Rule 55.27(a) has never been relevantly amended.[2] But, Rule 24.035(b) was adopted later in 1987 and was relevantly amended in both 1995 and 1999. Specifically, in 1995, the Supreme Court amended the provision of 24.035(b) most at issue in this appeal to become:

> Failure to file a motion within the time provided by the Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 *and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035.*

Rule 24.035(b), 1996 (amendment emphasized). In 1999, the Supreme Court again amended Rule 24.035(b) to include a more detailed procedure for determining filing deadlines in the event or absence of an appeal of a judgment or sentence. Rule 24.035(b), 2000. Rule 24.035 contains the

Supreme Court's most recent articulation of the rules regarding the filing requirements and defenses to post-conviction relief motions. Any effect Rule 55 may have had in 1973 upon the waiver of defenses to motions for post-conviction relief has been superseded by the Court's subsequent adoption of, and amendments to, Rule 24.035 in 1987, 1995, and 1999, respectively.

Rule 24.035 also contains more detailed procedural requirements surrounding motions for post-conviction relief than does the more general Rule 55. Rule 24.035 contains specific procedures not only for filing deadlines, but also the amendment of, and appeal from, a ruling on such motions. In contrast, Rule 55, at most, only applies to motions for post-conviction relief to the extent, as discussed *supra,* that its general procedural constraints regarding pleadings can be further imputed onto motions. Accordingly, Rule 24.035 is both more recent and more specific than Rule 55, and controls even if we found Rule 55 generally applicable.

Having thoughtfully considered the opinions offered by our colleagues in the Western District, we remain committed to the result reached in *Swofford.* We find it unnecessary to engage in a continued dialogue regarding the applicability of Rule 55 or the ability of the parties to waive the requirements of Rule 55 given the distinct and separate requirements of Rule 24.035. Rule 24.035 addresses a narrow form of relief. This rule provides specifically for a complete waiver, which is not found in Rule 55. The conflict between these two rules is substantial and irreconcilable. We hold that the more general Rule 55 must yield to the more detailed Rule 24.035.

---

**2.** Rule 55.27 was amended in 1993, 2000, 2002, and 2008. Only the 1993 and 2000 amendments included changes to 55.27(a), neither of which are relevant here. Rules 55.01 and 55.08 have never been amended since their adoption in 1973 and 1974, respectively.

Here, Pettry failed to timely file his *pro se* motion for post-conviction relief as required by Rule 24.035. Because Pettry did not file his motion until 197 days after his date of delivery to the DOC, we enforce the mandatory filing requirements of Rule 24.035 and hold that Pettry has waived his right to pursue post-conviction relief.

### Conclusion

The judgment is vacated and the cause remanded with directions to dismiss Pettry's Rule 24.035 motion.

ROBERT G. DOWD, JR. and KEITH M. SUTHERLAND, SP. JJ., Concur.