**Tyrone Eugene HENDERSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 73317.**

Missouri Court of Appeals, Western District.

April 3, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2012.

Application for Transfer Denied Aug. 14, 2012.

---

Ruth Sanders, Kansas City, MO, for appellant.

Mary H. Moore and Shaun J. Mackelprang, Jefferson City, MO, for respondent.

Division Three: KAREN KING MITCHELL, P.J., JAMES M. SMART, JR., and GARY D. WITT, JJ.

JAMES M. SMART, JR., Judge.

Tyrone Henderson appeals from the denial of his Rule 24.035 motion for post-conviction relief following an evidentiary hearing. The State contends that the case should have been dismissed because Henderson's *pro se* Rule 24.035 motion was not timely filed. The case is remanded with instructions to dismiss.

### Background

Tyrone Henderson was convicted by a jury in October 2001 of first-degree murder, section 565.020 RSMo,[1] armed criminal action, section 571.015, and unlawful use of a weapon, section 571.030. In 2003, this court reversed those convictions and remanded for a new trial in *State v. Henderson*, 105 S.W.3d 491 (Mo.App.2003).

Henderson subsequently entered into an agreement with the State to plead guilty to a reduced charge of second-degree murder, section 565.021, and to the other two original charges (armed criminal action and unlawful use of a weapon). In exchange, the State agreed to seek sentences of twenty-eight years on the second-degree murder charge, fifteen years for armed criminal action, and four years for unlawful use of a weapon.

At a hearing on January 13, 2009, the trial judge established the factual basis for Henderson's guilty pleas, then accepted the plea agreement and imposed the

---

1. Statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2011 cumulative supplement.

agreed-upon sentences. The court ordered that the sentences be served concurrently with each other and concurrently with two other sentences he was already serving. Thereafter, Henderson's attorney questioned him about his understanding of his rights under Rule 24.035:

MR. PETERS: Judge, we have done an acknowledgment under Rule 24.035.

Mr. Henderson, I'll ask you, we have talked about Rule 24.035 and I've explained that the way that—if you think that something hinky was going on, you can raise it by filing a form 40....

The most important thing that you and I have talked about is that there is a 180–day deadline, that you have to file it before the 180 days. If you decide to file a form 40, an attorney is appointed to represent you, but the big important thing is that it's 180 days. You and I have talked about that, right?

THE DEFENDANT: Yes.

MR. PETERS: And both you and I have signed this document on today's date, is that right?

THE DEFENDANT: Yes.

The court asked Henderson to confirm that he had signed the document, that he understood it, and that he did not have any questions regarding it. The judge then asked (for the second time) about Henderson's satisfaction with his attorney. Henderson responded that he was satisfied, after which the judge found no probable cause for ineffective assistance of counsel. Henderson was delivered to the custody of the Department of Corrections (DOC) on that same day, January 13, 2009.

On July 27, 2009, Henderson filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence (the document plea counsel had referred to as a "Form 40"). This was 195 days after he was sentenced and delivered to DOC custody and, thus, was outside the 180–day time limitation for filing the motion. The State did not raise the issue of timeliness before the motion court, however.

In his *pro se* motion, Henderson claimed, *inter alia*, that he received ineffective assistance of counsel and was coerced into pleading guilty due to trial counsel's failure to file a motion to suppress identification. Henderson's amended motion, filed by appointed counsel, repeated that claim. At his evidentiary hearing, Henderson testified that he pleaded guilty only because he did not want to go to trial represented by counsel who was unprepared to try the case. He said he believed, based on an affidavit from the identifying witness's brother,[2] that the witness had identified him only because of an impermissibly suggestive photo lineup. Henderson said he asked counsel to file a motion to suppress the identification on that basis, but counsel declined to do so. As a result, he said he felt he had no choice but to plead guilty. Henderson said that had counsel filed the motion, he would not have pleaded guilty but would have proceeded to trial.

The motion court denied Henderson's post-conviction motion, finding that the claim that he did not voluntarily plead guilty was refuted by the guilty plea record and that his responses to the court's questions about his satisfaction with his attorney's performance "obviated the need for further inquiry" as to that issue.

Henderson appeals.

---

2. The affidavit was admitted as an exhibit at the evidentiary hearing but is not included in the record on appeal. Henderson's testimony indicated that the affidavit said the police told the witness to identify Henderson from the lineup.

### Threshold Question: Timeliness of the 24.035 Motion

■ As a threshold matter, the State contends that Henderson's appeal should be dismissed because his *pro se* Rule 24.035 motion was not timely filed.

■ Where, as in this case, no direct appeal is filed, a person seeking relief under Rule 24.035 must file his motion to vacate, set aside, or correct the judgment or sentence "within 180 days of the date the person is delivered to the custody of the department of corrections." Rule 24.035(b). "Failure to file a motion within the time provided by . . . Rule 24.035 *shall* constitute a *complete waiver* of any right to proceed under this Rule . . . and a *complete waiver* of any claim that could be raised in a motion filed pursuant to this Rule." *Id.* (emphasis added). The time limitations set forth in the Rule "are valid and mandatory" and "serve the legitimate end of avoiding delay in the processing of prisoners' claims and prevent[ing] the litigation of stale claims." *Day v. State,* 770 S.W.2d 692, 695 (Mo. banc 1989).

Although the motion court made a factual finding that Henderson had timely filed his *pro se* motion, the State contends, and Henderson's amended motion alleges, that he was committed to DOC custody on January 13, 2009.[3] Thus, in order to comply with the 180–day requirement in Rule 24.035(b), Henderson's *pro se* motion had to be filed no later than July 12, 2009. Instead, it was filed on July 27, 2009 (fifteen days late).

■ The movant has the burden of demonstrating the timely filing of a *pro se*

motion for post-conviction relief. *Sharp v. State,* 936 S.W.2d 596, 597 (Mo.App.1996). Absent any recognized exception, a movant's failure to plead and prove a timely motion constitutes a waiver of any right to proceed under the rule. Rule 24.035(b); *see also Day,* 770 S.W.2d at 696. Ordinarily, if the motion is not timely filed, the motion court is compelled to dismiss it. *See McFadden v. State,* 256 S.W.3d 103, 106 (Mo. banc 2008). In rare circumstances, however, the courts have made an exception when the movant's *pro se* motion was not timely filed due to active interference by some third party. *See, e.g., id.* at 108–09 (untimeliness excused based on court's finding that movant was "abandoned" by counsel who promised to file movant's *pro se* motion but then failed to timely do so). Such is not the case here. There is no dispute in this case as to *when the motion was filed* with the court.

### *State's Failure to Raise the Issue*

■ The State acknowledges that it did not raise the timeliness issue with the motion court (either in its pleadings or at the evidentiary hearing). The State notes, however, that there is a split among the districts of the Court of Appeals as to whether the late filing of a *pro se* motion for post-conviction relief must be raised in the motion court or may be raised for the first time on appeal, citing this district's opinion in *Snyder v. State,* 334 S.W.3d 735 (Mo.App.2011), and the Eastern District's opposing decision in *Swofford v. State,* 323 S.W.3d 60 (Mo.App.2010).

In *Snyder,* this district held that "[t]he time limitation in Rule 24.035 is akin to the various statutes of limitation" and was

---

**3.** Although Henderson's *pro se* motion states that he was delivered to the DOC on February 4, 2009, the amended motion indicates that it was on January 13, 2009. "[T]he amended motion supersedes [Henderson's] *pro se* motion, and renders it a *nullity.*" *Wills v. State,*

321 S.W.3d 375, 386 (Mo.App.2010) (citation and internal quotation marks omitted). Furthermore, Henderson does not respond to the State's allegation in this appeal that his *pro se* 24.035 motion was untimely.

therefore an issue that could be waived if not preserved for appeal. 334 S.W.3d at 739. Therefore, this court said, the State waived its right to challenge the timeliness of Snyder's post-conviction motion by failing to raise the issue in the motion court. *Id.* at 739–40.

In contrast, the Eastern District held in *Swofford* that a court should enforce the time limits for filing in Rules 29.15 and 24.035 even if the State has not raised the issue of timeliness. 323 S.W.3d at 63–64. The *Swofford* court raised the timeliness issue *sua sponte* citing its "power and duty to enforce Missouri Supreme Court rules." *Id.* at 63. The court found that it was of "no consequence" that the State did not previously raise the issue, because the State cannot waive the requirement that the movant timely file. *Id.* at 64. The Eastern District vacated the motion court's judgment and remanded Swofford's appeal with instructions to dismiss his Rule 29.15 motion. *Id.*

The Missouri Supreme Court recently addressed this split among the districts in *Dorris v. State,* 360 S.W.3d 260, 266, 2012 Mo. LEXIS 5, at *10 (Mo. banc Jan. 17, 2012). There, the Court rendered a decision in three cases consolidated for review from the Southern District: *Dorris v. State,* 2011 WL 742548, 2011 Mo.App. LEXIS 259 (Mo.App. Mar. 1, 2011); *Lopez–McCurdy v. State,* 2011 WL 1119069, 2011 Mo.App. LEXIS 404 (Mo.App. Mar. 28, 2011); and *Hill v. State,* 2011 WL 1458697, 2011 Mo.App. LEXIS 493 (Mo. App. Apr. 15, 2011). The Court ultimately adopted the Eastern District's view in *Swofford* that the motion court has a duty to raise the issue of the timeliness of a Rule 29.15 or Rule 24.035 post-conviction

motion regardless of whether the State raises the issue. *Dorris,* 360 S.W.3d at 268, 2012 Mo. LEXIS 5, at *16.

In reconciling the conflicting views of *Snyder* and *Swofford,* the Supreme Court examined the three Southern District cases in-depth. *Id.* at 263–05, 2012 Mo. LEXIS 5, at *2–7. In all three cases, the defendants had been denied the right to appeal their post-conviction relief motions on the merits because they were filed out of time, and in all three cases, the State had not raised the issue of timeliness in the motion courts. *Id.* at 263, 2012 Mo. LEXIS 5, at *1.

In *Dorris v. State,* 2011 WL 742548, 2011 Mo.App. LEXIS 259, and *Lopez–McCurdy v. State,* 2011 WL 1119069, 2011 Mo.App. LEXIS 404, the Southern District had vacated the judgments of the post-conviction motion courts and remanded, directing the motion courts to dismiss the post-conviction motions as untimely. *Id.* at 263–64, 2012 Mo. LEXIS 5, at *2–*4. In both cases, as is true in our case, the movants were fully aware of the time constraints imposed by Rule 29.15.[4] *Id.* Both defendants had been read the provisions of Rule 29.15 in open court, including the language stating that a movant has either 90 or 180 days to file, depending on whether there was a direct appeal, and that the failure to file a motion within those time limits would "constitute a complete waiver of any right to proceed under this Rule." *Id.* (citing Rule 29.15). Nevertheless, both movants filed their *pro se* Rule 29.15 motions out of time. *Id.* In both cases, the motion court held an evidentiary hearing and denied relief on the merits of the motion. *Id.* On appeal, even though the issue of timeliness was not raised by either

---

4. The time constraints set forth in Rule 29.15 and Rule 24.035 are the same. The difference between the two rules is that Rule 29.15 applies to a defendant who has been found guilty after a trial, and Rule 24.035 applies to a defendant who has pleaded guilty. *See* Rules 29.15(b) and 24.035(b).

side during the motion process, the Southern District held, in both cases, that the movant had waived his right to Rule 29.15 relief because his filing was not timely. *Id.* The court vacated the judgment in each case and remanded to the motion court with instructions to dismiss the Rule 29.15 motion as untimely. *Id.*

In affirming those decisions, the Supreme Court explained in *Dorris* that "[b]y failing to timely file, the movant ha[d] completely waived his right to proceed on his post-conviction relief claims according to the language of the Rules" and that "[t]he phrase 'complete waiver' here establishes a total, absolute relinquishment of a legal right." *Id.* at 267–68, 2012 Mo. LEXIS 5, at *15–*16.

With regard to the State's failure to raise the issue, the Court opined:

> It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules-even if the State does not raise the issue. The Missouri Constitution vests this Court with authority to establish rules relating to practice, procedure and pleading for all courts. Mo. CONST. art. V, Sec. 5. "When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them." *Sitelines, LLC v. Pentstar Corp.,* 213 S.W.3d 703, 707 (Mo.App.2007). The State can-

not waive movant's noncompliance with the time limits in Rules 29.15 and 24.035. *Id.* at 268, 2012 Mo. LEXIS 5, at *16.

The *Dorris* Court said that because the Rules state that failure to file a motion within the time provided "shall constitute a complete waiver of any right to proceed under [these] Rule[s] and a complete waiver of any claim that could be raised in a motion filed under [these] Rule[s]," the motion court "had no authority to hear the motion[ ],[5] regardless of the State's failure to raise the issue." *Id.* at 263, 2012 Mo. LEXIS 5, at *1. Thus, the Court concluded that "[t]he court of appeals correctly remanded ... [the] motions to the motion courts to be dismissed." *Id.* at 270, 2012 Mo. LEXIS 5, at *22.[6]

The circumstances of this case are essentially the same as those in the *Dorris* and *Lopez–McCurdy* cases. Thus, despite the State's failure to raise timeliness as an issue in the motion court, Henderson's failure to file a timely *pro se* motion "constitute[s] a complete waiver of any right to proceed" and "a complete waiver of any claim that could [have been] raised" under Rule 24.035.

## Conclusion

In accordance with the Supreme Court's holding in *Dorris,* the judgment must be vacated and the cause remanded to the trial court with instructions to dismiss the

---

5. The Court consciously chose to use the word "authority" rather than "jurisdiction" because the Court wanted to be clear that the trial court did not lack subject matter jurisdiction over the claim. *See Dorris,* 360 S.W.3d at 265, 2012 Mo. LEXIS 5, at *7–*8. Thus, the dismissals ordered in *Dorris* and *Lopez–McCurdy* should not be interpreted as a determination as to subject matter jurisdiction.

6. In contrast, in *Hill v. State,* 2011 WL 1458697, 2011 Mo.App. LEXIS 493 (Mo.App. Apr. 15, 2011), the Supreme Court determined that timing was an issue that was con-

tested in Hill's case. Even though Hill had alleged facts as to the timeliness of his motion, because the State dropped the issue prior to the hearing, he did not have the opportunity to present evidence in this regard. "Because the motion court did not hear evidence as to when Hill's motion was filed," the *Dorris* Court vacated the motion court's judgment and remanded the case for the court to determine whether his motion was timely filed and to proceed accordingly. *Dorris,* 360 S.W.3d at 270, 2012 Mo. LEXIS 5, at *22.

motion. Consequently, we do not address the merits of Henderson's appeal.

All concur.

